### WEIRE v. THE CITY OF DAVENPORT AND PLUMMER.

1. EVIDENCE: DATE. It is presumed that an assignment in writing was executed on the day of which it is dated.
2. AN ASSIGNMENT OF A JUDGMENT. The judgment that may be recovered in an action pending in the District Court may be assigned; and such an assignment, if made without fraud, is valid as to the assignor from the day of its execution.
3. ASSIGNMENT OF A TORT. A liability for a tort may be sold and transferred or assigned so as to give to the holder a priorty over an attaching creditor of the assignor.
4. ASSIGNMENTS. The Code of 1851 did not limit the assignability of claims; neither is every class of claims which may be assigned specifically named in chapter fifty-eight thereof.
5. UNCERTAIN DESCRIPTION. The sufficiency of description in an assignment discussed.

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 6.

FOR a tort to the realty, Cotes & Patchin, on the 21st of February, 1859, obtained a judgment against the city of Davenport, for some $500. The verdict was rendered and

judgment entered on the same day. Weire, the plaintiff in this proceeding, had previously obtained a judgment against Coates & Patchin, and on the day of the rendition of the judgment against the city, levied upon the same by garnishing the mayor, treasurer and clerk of said corporation. On the 19th of February, 1859, this instrument was executed by Cotes & Patchin and filed with the clerk on the 21st of that month:

"For and in consideration of one dollar, and divers other considerations to us paid and thereunto moving, we hereby assign, sell, transfer and set over unto Frank Plummer, all our right, title and interest in and to any verdict which may be recovered in the action now pending in the District Court of Scott county, wherein Cotes & Patchin are plaintiffs and the city of Davenport is defendant, and to the judgment that shall be rendered thereon, with all the benefits, avails, proceeds and profits thereof; and we further hereby authorize and empower the said Frank Plummer to issue execution on said judgment in our name and collect and receive to his own proper use the money that may be collected thereon; and we further authorize him to discharge said judgment of record. In testimony whereof we have hereunto set our hands this 19th day of February, 1859.          COTES & PATCHIN."

Upon these facts plaintiff moved for judgment against the garnishee. This motion was overruled and he appeals.

*H. R. Clausen* for the appellant.

I. The assignee of the judgment must show when the assignment in writing was *delivered*; the date it bears is not sufficient to show when it was executed.

II. The claim of Cotes & Patchin, upon which the judgment against the city was rendered, was for a tort committed by the employees of the city against their property. A tort is not assignable. Code of 1851, sections 947–953; Plowd.

206 *b;* Tred. R. 661; 1 Kent 467, note *d; Gardner* v. *Adams,* 12 Wend. 297.

III. Cotes & Patchin did not assign the claim against the city; they remained the owners of that, and Plummer, the assignee, took only a contingency, which is not assignable. 2 Story R. 630.

*Plummer & Van Hosen* for the appellee.

I. The date of a deed or instrument is *prima facie* evidence of the time of its execution. It devolves upon the party objecting to the assignment to show that the date is false or fraudulent. 2 Hilliard's Real Prop. page 349, section 3; 12 Iredells (N. C.) R. 290; 5 Denio 290.

II. "Vested rights *ad rem* and *in re,* possibilities coupled with an interest and claims growing out of and adhering to property may pass by assignment." *Comeggs* v. *Vasse,* 1 Pet. Rep. 213; *Hodgman* v. *Western R. R.,* 7 How. Pr. R. 494; 2 Maul. & S. 408; *Robinson* v. *Weeks,* 6 How. Pr. R. 161, 308; 4 Duer 78; 2 Ker. 622; *North* v. *Turner,* 9 Ser. & Rawle 244.

WRIGHT, J.—Notwithstanding the zealous, and we may add, able manner, in which counsel for appellant has insisted upon a reversal of this cause, we feel constrained to hold that the court below decided correctly in discharging the garnishee.

Briefly and in their order we will notice the grounds upon which he attacks the sufficiency of the assignment relied upon by Plummer, as affecting his right to the judgment against the city:

I. He maintains that there is nothing to show that the assignment was made before the service of the garnishee notice. To this it is well answered that the assignment is dated two days prior to the service. And it is no sufficient reply to this to say that it was filed two days after and on the same day that the city was garnished. The presumption is that it was executed on the day of its date, and by the

word, *executed*, is meant the delivery as well as the mere signing. Not only so, but the date of the filing is not material, and is no more conclusive of the time of the delivery than the date of the instrument itself. And then again, if it be admitted that the execution of the instrument only dates from the filing, then as the filing and service are on the same day and nothing shows which was first, we could not say that plaintiff should have judgment. To render the garnishee liable to the creditor it must, in some one of the methods pointed out by the statute, *be made to appear that he was indebted to the defendant,* or had property, &c., at the time, or subsequent to the service of the garnishee notice. We could not say, upon the assumption of the plaintiff as to the date of the execution of the assignment, therefore that *it is made to appear* that the city was indebted to Cotes & Patchin *at the time* of this service. This was for the plaintiff to establish, either by the answer of the garnishee, or in one of the other methods provided for in the Code. The answer does not show it. This is not controverted, and there is no admission of record or item of proof that makes plaintiff's assumption sufficiently apparent to entitle him to a judgment against the garnishee.

II. But it is in the second place contended that the liability of the city was for a tort, and that this could not be assigned. This was true at common law, so far at least that the right of action for such an injury could not be transferred. What change the Code has made in this respect, we need not stop to inquire, for the reason that we entertain no doubt but that such a liability may be sold or transferred, if *bona fide,* so as to give the holder a priority over an attaching creditor of the transferrer. It may be sold just as a horse or any other property may be, and the title pass just as completely. And whether the transferee could sue in his own name or not, the vendor still could not deny his title, nor could the creditors of such vendor. Not only so, but there was an action pending at the time of this assignment

and the transfer related to and included the verdict and judgment as well as the mere cause of action. That this might be done in the absence of fraud so as to give the assignee or vendee a good title to the judgment, and a right to control it as his own property, we entertain no doubt. (*Robinson* v. *Weeks*, 6 How. Pr. R. 161; 7 Ib. 494; 4 Duer, 78; 2 Ker. 622.) So far as the plaintiff was concerned, notice of the assignment was only necessary to protect the assignee against the subsequent acts of the assignors, as their subsequent sale or transfer or the like.

The Code has not narrowed the assignability of claims. Whatever could be assigned before, may still be, and some claims are made negotiable which before were not. In addition to this, a right of action is given to the assignee of some claims in his own name which did not exist at common law. It is by no means true that only those instruments or claims which are specifically named in chapter 58, can be assigned. To mention none other, a judgment is not mentioned, and yet it has been held that it may be assigned so as to give the holder a right to sue thereon in his own name. *Edmonds* v. *Montgomery & Shaw*, 1 Iowa 143.

III. The third and remaining objection is that the assignment is too indefinite to transfer the claim in controversy. To this it may well be answered that plaintiff refers to this assignment in his motion for judgment against the garnishee, which he files at the commencement of this proceeding and makes it one of his exhibits. He says in his motion that this assignment was filed in the case of Cotes & Patchin v. The City. And that it was so filed, there is no controversy. There is no showing or intimation that there was any other action pending between these parties, or that Cotes & Patchin had any other judgment against the city. Under such circumstances we think the reference to the claim assigned is sufficiently definite. And not only so, but that plaintiff, by the record as he has made it up, has conceded in effect that this assignment related to this particular judgment.

Judgment affirmed.