## GRAY v. McCALLISTER ET AL.

1. **Tort: ASSIGNMENT OF CLAIM.** A claim based upon a personal tort, which dies with the party, may be assigned or transferred like any other cause of action.

2. ——: ——: EQUITIES. The assignee of such claim, who is a creditor of the assignor, is not postponed to the holder of a judgment against the assignor; nor are his equities inferior to those of the judgment creditor.

3. **Assignment: BONA FIDES: PREFERENCE.** An assignment of his property by a debtor in good faith, preferring certain creditors, is not invalid.

*Appeal from Keokuk District Court.*

THURSDAY, APRIL 10.

ON the 26th day of September, 1877, the defendant McCallister, as plaintiff in an action for malicious prosecution, recovered against J. D. Gray and the defendant in this action John Marquis, a judgment for one thousand two hundred dollars and costs of suit, in the Circuit Court of Washington county. In this action the defendants Farley & Kelley were attorneys for the plaintiff, William McCallister.

On the 17th day of October, 1876, F. Linstadt recovered a judgment in the District Court of Des Moines county against Marquis & McCallister, John Marquis and William McCallister, for one thousand four hundred and sixteen dollars and seventy-three cents, and costs.

On the 28th day of November, 1876, this judgnent was assigned to J. D. Gray, without recourse, by the attorneys of record of Linstadt, Gray having paid to them the full amount of the judgment.

On the 26th day of September, 1877, the plaintiff commenced this action in equity, in the Washington District Court, praying that so much of the judgment in the case of *Linstadt v. McCallister & Marquis*, assigned to plaintiff, as may be necessary, be set off against the judgment of McCallister against the plaintiff, and that said judgment be cancelled.

The petition alleged that the firm of McCallister & Marquis was wholly without partnership funds or means to pay the judgment, that McCallister is wholly insolvent, and that John Marquis is of doubtful solvency.

On the 19th day of November, 1877, a change of venue was ordered to the Keokuk District Court.

The defendant McCallister answered, admitting that he recovered a judgment against plaintiff and the defendant Marquis, as claimed, and alleging in substance that the defendants Farley & Kelley have a lien thereon for six hundred

dollars for attorney's fees, and for one hundred and five dollars for past services; that defendant McCallister, on the 20th day of September, 1877, assigned the balance of said judgment to R. P. Kelley, for the payment to Kelley of one hundred and thirteen dollars and fifty-five cents, and that the balance of said judgment was to be applied to the payment of claims filed with Kelley against defendant; that the judgment in the Des Moines District Court was recovered against defendants McCallister and Marquis, as partners; that the judgment has been fully paid by Marquis, and that plaintiff, as agent and attorney of Marquis, and with the money of Marquis, paid said judgment, and had the same assigned to himself for the purpose of compelling defendants to pay the same; that the judgment has been satisfied so far as all parties are concerned except the members of the firm; that there has never been a settlement between the partners of said firm, and a fair settlement would show Marquis indebted to the defendant McCallister.

The defendants Farley & Kelley answered, alleging that they are entitled to a lien on said judgment substantially as set forth in the answer of McCallister.

R. P. Kelley filed a petition of intervention, alleging that on the 20th day of September, 1877, the defendant McCallister assigned to him, in writing, his interest in the judgment recovered against Gray & Marquis, to pay certain notes made by McCallister to R. P. Kelley for one hundred and thirteen dollars and seventy-three cents, and the balance to be applied to the payment of certain other debts and claims owing by McCallister, amounting to five hundred and fifty-eight dollars. The cause was tried by the court. The court found in favor of the defendants and intervenor, and dismissed the plaintiff's petition. The plaintiff appeals.

*Donnell & Brooks* and *A. H. Patterson & Son,* for appellant.

*Farley & Kelley,* for appellees.

Gray v. McCallister.

DAY, J.—The facts in this case are substantially as follows:

On the 17th day of October, 1876, F. Lindstadt recovered a judgment against John Marquis and William McCallister, both as members of a firm and as individuals, for one thousand four hundred and sixteen dollars and seventy-three cents, with an award of special execution against property attached therein, of the value, as shown by the evidence, of from two thousand five hundred to three thousand dollars. The defendant John Marquis procured a release of the personal property attached by the execution of a delivery bond. It does not appear that the real estate attached has been released.

On the 28th day of November, 1876, this judgment was assigned to plaintiff. McCallister is insolvent, and it seems that Marquis has no property subject to execution.

Some time in September, 1876, the defendant McCallister employed the defendants Farley & Kelley to bring an action for malicious prosecution against Gray & Marquis. It was verbally agreed that they should receive as a contingent fee one-half the judgment obtained, and if McCallister settled before trial they were to have one-half the amount he obtained. McCallister was to pay the costs.

In the latter part of September, 1876, McCallister verbally assigned his cause of action against Gray & Marquis to R. P. Kelley, to secure Farley & Kelley in the sum of one hundred and five dollars—Farley in the sum of thirty-five dollars, the balance to be applied on other claims against McCallister. The action for malicious prosecution was not commenced against Gray & Marquis until some months after this arrangement was made, but the record does not show the exact time of the institution of that suit. At the time this verbal arrangement was made the Linstadt judgment had not been recovered. The attorneys of McCallister, Farley & Kelley, first learned that Gray held the Linstadt judgment two or three days before the written assignment to them of the

judgment in *McCallister v. Gray & Marquis*, when Gray attempted to use the Linstadt judgment as a set-off in that action, which he was not permitted to do.

From the evidence it appears that McCallister did not personally know that Gray held the Linstadt judgment until after he had executed the written assignment of the judgment recovered by him against Gray & Marquis.

The verbal assignment of the cause of action to Kelley had no reference to the Linstadt judgment, but was made to prevent Gray from absorbing whatever judgment might be recovered in satisfaction of judgments which he might recover in actions brought upon notes executed by McCallister & Marquis, from liability upon which McCallister was ultimately released. Just before the verdict was returned in *McCallister v. Gray & Marquis*, the defendants Farley & Kelley filed notice of an attorney's lien, as follows:

"To William McCallister, John Marquis, J. D. Gray, and all others interested: You are hereby notified that Farley & Kelley claim and have a lien upon the cause of action, and judgment to be rendered in the case of *William McCallister v. John Marquis and J. D. Gray*, Circuit Court of Washington county, September Term, 1877, to the amount of one-half of the same, not to exceed one thousand five hundred dollars.

"Signed September 21, 1877.

"FARLEY & KELLEY."

On the same day William McCallister executed a written assignment as follows:

"I this day assign, transfer and set over all my right, title and interest to and in the cause of action and judgment in the cause of action above, in the Circuit Court of said county, September Term, 1877, to R. P. Kelley, to pay my indebtedness to R. P. Kelley, Farley & Kelley, D. McFarlane and others, so far as the same shall go after paying R. P. Kelley, Farley & Kelley, and McFarlane.

"WILLIAM McCALLISTER."

The claims referred to in the above assignment, in the hands of R. P. Kelley, amount to six hundred dollars and ninety-one cents, which, in connection with Farley & Kelley's lien, exhaust the judgment.

I.  It is claimed that "the defendant McCallister, who was plaintiff in the judgment recovered against this plaintiff and Marquis in the Washington District Court, was not the real party in interest, either at the time said judgment was rendered, nor at the time the prosecution was commenced." If this be true we do not see how it can possibly aid the plaintiff.  The plaintiff brings this action to have the judgment which McCallister recovered against plaintiff offset by one which plaintiff holds against McCallister.  Now, if Mc-Callister was not the real party in interest at the time the action was commenced, nor when the judgment was recovered, he does not hold the judgment in his own right, and the right of plaintiff to offset this judgment with one he holds against McCallister is at an end.

II.  While it is conceded, under the doctrine of *Weire v. The City of Davenport and Plummer*, 11 Iowa, 49, that a claim

1. TORT : as-
signment of
claim. based upon a tort may be sold or transferred if *bona fide*, yet it is claimed that this doctrine does not apply to personal torts which die with the party, and do not survive to his personal representative.  Authorities are cited in support of this proposition.  The Code, however, section 2525, provides:  "All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to the same."

III.  It is urged that the creditors to be benefited by this assignment, holding simply claims not reduced to judgment,

2. ———: ———:
equities. should in equity be postponed to the rights of the plaintiff whose claim is in judgment.  The plaintiff acquired no lien on the judgment in question in virtue of his judgment, and he has no equity superior to that of the other creditors of defendant.  In *Weire v. City of Davenport*, 11 Iowa, 49, it was said that at common law a right of action

for a tort may be sold or transferred so as to give the holder a priority over an attaching creditor of the transferee, and that neither the vendor nor the vendor's creditors could deny his title.

IV. It is claimed that the relief prayed by plaintiff should have been granted under the doctrine of *Hurst v. Sheets & Trussell*, 14 Iowa, 322. In that case it was held that courts of equity will set off mutual judgments when one of them has been assigned fraudulently by the party in whose favor it was rendered for the purpose of preventing such a set-off. The evidence in this case, we think, does not show that the assignment was made with such fraudulent purpose. The verbal assignment was made before the Linstadt judgment was recovered, and the evidence shows that McCallister did not personally know that plaintiff held that judgment when the written assignment was executed, although in law he was probably affected with the knowledge which his attorneys possessed. The assignment does not seem to have been made for the purpose of preventing a set-off of the two judgments. Although McCallister is insolvent it does not appear that the assignment embraced all his property. Upon the contrary the evidence shows that he owned some real estate, attached in the Linstadt proceeding, not embraced in the assignment. The transaction appeared, from the evidence, to be nothing more than a partial assignment of the debtor's property, in good faith, preferring certain of his creditors. Such an assignment is not invalid. See *Cole v. Dealham*, 13 Iowa, 551. Besides, the equities of the plaintiffs are not of the most persuasive character. As was before said, in the Linstadt proceeding property of the value of from two thousand five hundred dollars to three thousand dollars was attached. Marquis released his personal property by executing a delivery bond. Real estate of McCallister was attached. No real effort has been made to subject the attached property to the payment of the judgment. Upon the contrary an execution was ordered out, and was afterward returned by order of the

plaintiff.    We think, under all the facts established by the evidence, the judgment of the court below is right.

AFFIRMED.