AT

DUBUQUE, OCTOBER TERM, A. D. 1884,

IN THE THIRTY-EIGHTH YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, } JUDGES.
" JOSEPH R. REED,

---

VIMONT v. THE CHICAGO & NORTHWESTERN RAILWAY COM-
PANY.

1. **Practice:** BRINGING IN PARTY IN INTEREST: ASSIGNOR IN SUIT BY
ASSIGNEE. A motion by the defendant in a suit for a tort to bring in,
as a party plaintiff, plaintiff's assignor, the person who suffered the
alleged injury, on the ground that he was the real party in interest, and
that the assignment was invalid, and that a determination of the action
between plaintiff and defendant would not conclude the assignor, was
properly overruled, where the assignor appeared and filed a response to
the motion, setting up his sale and assignment of the claim, and deny-
ing all ownership and control thereof.

VOL. LXIV—33

2. **Removal of Cause to Federal Court:** TRUSTEE AS PLAINTIFF. CITIZENSHIP OF BENEFICIARY NOT CONSIDERED. Where a trustee is plaintiff, and a citizen of the same state with the defendant, the cause will not be removed to the federal court on the ground that the person beneficially interested is a citizen of another state.

3. ———: FRAUDULENT ASSIGNEE AS PLAINTIFF: CITIZENSHIP OF REAL PARTY IN INTEREST. A motion to remove the cause to the federal court should have been overruled, the ground of which was that the plaintiff claimed to be the assignee of another—a citizen of another state, but that the assignment was colorable and fraudulent, and invalid for other reasons; because, if the court found the facts to be as alleged in the motion, the plaintiff had no right to prosecute the action, and should have been sent out of court, and there was nothing to remove.

4. **Tort:** RIGHT OF ACTION FOR MAY BE ASSIGNED. A right of action for a tort may be sold and assigned like any other cause of action, so as to vest in the assignee a right of action in his own name. (See opinion for cases followed.)

5. **Laws of Sister State:** PRESUMPTION. In the absense of proof to the contrary, the laws of another state must be presumed to be the same as those of Iowa.

6. **Champerty:** WHAT IS NOT: ACTION BY ASSIGNEE AGREEING TO PAY PROCEEDS TO ASSIGNOR. The assignee of a claim arising upon tort may maintain an action thereon in his own name, though he takes the assignment with an agreement to pay a portion of the amount recovered to the assignor. Such assignment and agreement do not constitute champerty. *Knadler v. Sharp*, 36 Iowa, 232 followed.

7. **Practice:** BRINGING IN ASSIGNOR AS PLAINTIFF IN SUIT BY ASSIGNEE. In an action by an assignee, a motion to bring in the assignor as a party plaintiff, on the ground that he was the real party in interest, and that the assignment was but a pretense, was properly overruled, where it appeared that the controversy could be determined between the original parties without prejudice to the assignor. The statute (Code, § 2551) does not contemplate the bringing in of a party for the convenience of one who is already a party.

8. **Removal of Cause to Federal Court:** PETITION FOR AND ANSWER THERETO: WHAT THE COURT MAY CONSIDER. Where a petition for the removal of a cause to the federal court, on the ground of citizenship, states merely the citizenship of the parties and the amount in controversy—that is, simply the jurisdictional facts, the court will consider such statements alone, disregarding what may be said by the plaintiff; but where the petition goes further, and states that some one not a party to the record is the real party, on account of whose citizenship a removal is demanded, and such allegations are controverted by the plaintiff, the plaintiff is entitled to have the issue thus made tried in the ordinary manner.

9. ———: CITIZENSHIP: ASSIGNMENT TO DEFEAT REMOVAL. Where one had a right of action in tort against a corporation, a citizen of another state, but, to avoid a transfer of the cause to the federal court, he assigned the cause of action to one who was a citizen of the same state as the corporation, who brought action thereon in the courts of this state, *held* that, the assignment being lawful, the assignee could maintain the action, and that defendant could not have it removed to the federal court on the grounds that the assignor was a citizen of another state, and that he was, by agreement, to share in the proceeds of the action, and that the assignment was made on purpose to defeat the jurisdiction of the federal courts.

## *Appeal from Polk Circuit Court.*

### TUESDAY, OCTOBER 21.

THE plaintiff appeals from an order remanding the cause to the federal court. The defendant appeals from an order overruling a motion made by the defendant to make one Johnson a party. The plaintiff perfected his appeal first.

*Nourse & Kauffman,* for appellant.

*N. M. Hubbard* and *W. S. Clarke,* for appellee.

ADAMS, J.—I. It seems proper to consider the question first which is presented by the defendant's appeal. The action is brought by the plaintiff, Vimont, as assignee of one C. O. Johnson, to recover for a personal injury alleged to have been sustained by the assignor by reason of the wrongful and negligent acts of the defendant.

The defendant moved that Johnson be made a party, but the court overruled the motion, and this constitutes the defendant's ground of complaint. "When a determination of the controversy between the parties before the court cannot be made without the presence of other parties, the court must order them to be brought in." Code, § 2551. The defendant contends that this is precisely such case. While it does not deny that the plaintiff may hold a nominal assignment of

1. PRACTICE: bringing in party in interest: assignor in suit by assignee.

Johnson's claim for damages, yet it insists that it may not be a valid assignment, and, in fact, is not a valid assignment, and that, such being the fact, a determination of the action, either for or against the plaintiff, would not conclude Johnson, and that his presence, therefore, as a party, is necessary for the defendant's protection.

We do not care to go into an extended consideration of the doctrine upon which the defendant relies. The assignment from Johnson to the plaintiff is set out in the plaintiff's petition, and purports to convey all of Johnson's interest, and we do not understand that the fact of the execution of the instrument is controverted. It may, it is true, be invalid for reasons which do not appear on its face. But the case has this peculiar feature, Johnson did in fact appear in the action, and filed what he called a response to the defendant's motion, setting up his sale and assignment of the claim to the plaintiff, and denying all ownership therein, or control of the prosecution thereof. After Johnson had thus appeared and put himself upon the record, there was, we think, no reasonable ground for sustaining the defendant's motion, unless it might be for reasons connected wholly with the question as to the defendant's right of removal to the federal court, and that we shall have occasion to consider hereafter.

II. Whether such right of removal existed is a question presented by the plaintiff's appeal. The petition for a removal shows that the defendant is a citizen of the state of Illinois, and, while it concedes that the plaintiff is a citizen of the same state, yet it avers that he is not the real party in interest, but that Johnson is, and that Johnson is a citizen of the state of Iowa, and that by reason of this fact, in connection with the fact that the amount in controversy is over $500, the federal court has jurisdiction, and the defendant a right of removal.

For the purposes of the opinion, it might be conceded that the circuit courts of the United States may, in some cases,

have jurisdiction on the ground of citizenship, even where all the parties are citizens of the same state. Possibly this would be so where the petition showed that the plaintiff was a merely nominal and passive party, having no interest in, nor right to control, the litigation, though, by reason of some provision of statute, a legal party, and where, also, the petition showed who the person beneficially interested in, and having the right to control, the litigation was, and where the petition for removal showed the citizenship of such person to be such as would give the federal court jurisdiction if the person were the plaintiff of record. In such case it may be that a court would be justified in deeming the person beneficially interested, and having the right to control the litigation, as the real plaintiff, so far as the question of federal jurisdiction is concerned. As supporting such doctrine, see *Browne v. Strode*, 5 Cranch, 303, and *McNutt v. Bland*, 2 Howard, 9. But these cases differ from the case at bar. The plaintiffs in those cases were mere conduits, designated by the law as such, and through whom the parties aggrieved were to seek their remedy. They were wholly passive. They had no right to commence the actions, nor the right to dismiss them when commenced by the parties in interest.

In the case at bar, if the assignment is valid in such sense as to give the plaintiff a right of action anywhere, it appears to us that he is at least a trustee. Now, we **2. REMOVAL of cause to federal court: trustee as plaintiff; citizenship of benificiary not considered.** understand that the authorities are agreed that, where an action is brought by a trustee, who is such in good faith, and has power to control the claim, the citizenship of the persons beneficially interested, but not parties to the record, is not considered on a question of removal. If the trustee is a citizen of the same state of which the defendant is, federal jurisdiction is excluded. *Coal Co. v. Blatchford*, 11 Wall., 176; *Knapp v. Railroad Co.*, 20 Wall., 123. Probably the defendant would not dispute this proposition. The objections raised by it go to the validity of the assignment. It disputes the

plaintiff's trusteeship. It avers that the assignment is color-able and fraudulent, and invalid for other reasons.

But, suppose the facts are as the defendant contends, do they constitute a ground for removal? Could the court below, after having found such facts, properly make an order of removal? We think not. If such were the facts, the plaintiff had no cause of action. He was not the real party in interest, and should go out of court. The defendant was entitled to some-thing better than an order of removal. We do not see how the plaintiff could have interest and power enough to enable him to prosecute the action in any court, without its resulting in the exclusion of federal jurisdiction. This is not a case where the plaintiff could be regarded as a mere conduit, as in *Browne v. Strode* and *McNutt v. Bland,* above cited. If he were reduced to something less than a trustee, he would sustain no legal relation to the claim whatever. If the assign-ment, for instance, had provided that the object of it was merely to give the assignor the right to use the plaintiff's name, while he was to remain passive, with neither interest nor power, he should not be allowed to maintain the action anywhere. The controversy would be decided upon such facts appearing, and there would be nothing to remove.

Now, under the facts, as the defendant avers them to be, it appears to us that the case is substantially the same. We think that on the defendant's appeal the judgment must be affirmed, and, on the plaintiff's appeal,

REVERSED.

OPINION ON REHEARING.

THE plaintiff, as assignee of one Johnson, brought this action to recover damages for a tort committed by the defend-ant. The latter moved the court to require Johnson to be made a party to the action. This motion was overruled and the defendant appeals. The latter afterward filed a motion to

Vimont v. The Chicago & Northwestern Railway Company.

transfer the cause to the federal court. This motion was sustained, and the plaintiff appeals.

SEEVERS, J.—As to the defendant's appeal. The petition states that C. O. Johnson was a passenger on one of defendant's trains, and, because of the negligence of the defendant, he was injured, and entitled to recover damages therefor. The nature and extent of the injuries are stated, and that Johnson had assigned his claim and right of action to the plaintiff, wherefore judgment was asked.

The defendant pleaded, *First*, a general denial of the allegations of the petition; *Second*, "that the assignment was colorable, collusive and fraudulent, and made for the purpose of depriving defendant of its right to remove the cause to the federal court;" and, *Third*, that the assignment of the claim by Johnson, together with the agreement executed at the same time by Vimont, constitutes barratry, champerty and maintenance, and is void for that reason." The agreement executed by the plaintiff at the time the assignment was made is in these words: "In consideration of the assignment to me by C. O. Johnson of his claim for damages against the Chicago & Northwestern Railway Co., resulting to him by reason of an injury received by him on or about the thirty-first day of August, 1881, on said railway, I hereby agree to dispose of the entire amount realized on said claim as follows: For my own compensation in and about the prosecution of said claim, and for the use of any advances of money I may make, I am to retain thereof the sum of fifty dollars. I am, also, to retain all sums of money that I may advance in the prosecution of said claim. Next, I agree to pay out of the proceeds of said recovery the reasonable fee of the attorneys and agents employed to prosecute said claim, or such fee therefor as may be agreed upon, if an agreement for a specific amount shall be agreed upon, and the balance of said recovery I agree to pay to the said C. O. Johnson.

"WM. H. VIMONT."

The defendant also pleaded that the assignment was made

Vimont v. The Chicago & Northwestern Railway Company.

and completed in Illinois, and that, by the laws of that state, the assignment is void, and that it is illegal and void under the laws of Iowa.

The defendant moved the court to make an order requiring said Johnson to be made a party plaintiff, on the ground that no determination of the controversy could be made unless said Johnson was a party to the record; and, in support of the motion, the defendant introduced the deposition of the plaintiff, showing that the agreement taken back at the time of the assignment was as above set forth; "that the plaintiff paid said Johnson no money, and don't know him; that the assignment was procured by his attorneys, Nourse & Kauff- man, Mr. Nourse being his brother-in-law; that he had no knowledge of this claim prior to receiving information in regard to it from Nourse & Kauffman."

I. Is an action for a tort assignable, so as to vest in the assignee a right of action in his own name? In *Weire v. The City of Davenport et al.*, 11 Iowa, 49, it was held that a right of action for a tort could be sold and transferred at common law, and in *Gray v. McCallister*, 50 Iowa, 497, it was held that a claim for a personal tort, which dies with the party, could be sold or transferred like any other cause of action. See, also, *Small v. R. R. Co.*, 55 Iowa, 582. We are not disposed to depart from the rule established in these cases; therefore, the assignment in this case is valid under the law of this state.

4. TORT: right of action for may be assigned.

The laws of Illinois were not introduced in evidence in this case, and are not, therefore, before us. In the absence of proof to the contrary, it must be presumed that the laws of that state are the same as those of Iowa. This we have held in several cases.

5. LAWS of sister state: presumption.

II. The assignment of the claim vested the legal title thereto in the plaintiff. Being such owner, he legally is the real party in interest, and the statute requires that the action for the recovery of such claim must be brought in the name of such party. Code, § 2543.

But it is urged that the assignment is colorable, and does not vest the right to maintain this action in the plaintiff, because of the agreement made at the time of the assignment, whereby he agreed to pay a portion of the amount recovered and realized to Johnson, the assignor.

6. CHAMPER-
TY: what is
not: action
by assignee
agreeing to
pay proceeds
to assignor.

If the assignment vested the legal title to the claim in the plaintiff, it would seem that ordinarily .he, as such owner, should have the right to do what he pleased with it. Besides this, we understand this identical question was made and determined in *Knadler v. Sharp*, 36 Iowa, 232, adversely to the defendant, and no adequate reasons having been adduced why that case should be overruled, we therefore follow it. We may further remark, that it was held in *Small v. R. R. Co.* before cited, that champerty and maintenance are not a defense to the action. We therefore are of the opinion that the plaintiff can maintain this action.

III. It is said that, as it may be determined that the assignment is colorable, fraudulent and void, a complete determination of this case cannot be made unless Johnson is made a party. Johnson filed a paper in response to the motion, in which he disclaimed any interest in the prosecution of this action, and stated, in substance, that he did not own the claim, but that he had assigned it to the plaintiff.

7. PRACTICE:
bringing in
assignor as
plaintiff in
suit by, as-
signee.

If it should be determined on the trial that the defendant had not been negligent, such adjudication would be binding on Johnson, and the controversy would be finally ended; but, if the plaintiff should be defeated on the ground that he did not own the claim, or that the assignment was colorable and fraudulent, it may be that Johnson could maintain an action thereon.

" The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy between the parties before

the court cannot be made without the presence of other parties, the court must order them to be brought in." Code, § 2551.

The rights of others cannot be prejudiced by whatever determination is made between these parties. Those of Johnson certainly cannot be, but, if they should, he would clearly be estopped from complaining. It is urged, however, that the defendant would be prejudiced if compelled to again litigate the questions involved with Johnson. We do not think, conceding this to be so, that such prejudice would be of legal character, for the reason that the statute does not seem to so contemplate. In actions at law, if the controversy can be determined, without prejudice to the rights of others, between the parties to the action, this, ordinarily, is all that can be required. The motion, therefore, was properly overruled.

IV. As to the plaintiff's appeal. After the determination of the foregoing motion, the defendant filed a petition for the removal of the action to the federal court. It is in the following words: "That the defendant is and was, at the date of the commencement of this suit, a citizen of the state of Illinois; that William H. Vimont, plaintiff herein, was also, at and ever since the commencement of this suit has been, a citizen of the state of Illinois; that C. O. Johnson is the real party plaintiff, and is the party that received the injury, and that, for the sole purpose of avoiding the jurisdiction of the federal court, said Johnson made said pretended assignment of said claim to said William H. Vimont, and received back the written contract set out in defendant's answer; that said assignment and contract were made in Illinois, and that, by the laws of the state of Illinois, the assignment is invalid and insufficient for said William H. Vimont to maintain an action thereon in the state of Illinois; that the assignment and contract between said Vimont and said Johnson are barratrous and champertous, and against public policy and void, as appears by defendant's

answer herein; that said C. O. Johnson is the real party in interest as plaintiff, and was, at and before the date of the commencement of this suit, and still is, a citizen of the state of Iowa, and prays that said C. O. Johnson be made a party plaintiff in this suit; that there is and was, at the date of the commencement of this suit, a controversy between petitioner and the said Johnson, the real plaintiff, and that the matter in dispute exceeds, exclusive of costs, the sum of five hundred dollars, and that the present term of this court is the first term at which the case could be tried.   .  *      *      *
Petitioner offers a bond with surety, and prays" the court to order the action to be removed, etc. . The act of congress under which the removal is sought provides that, where there is a controversy between the citizens of different states, and the amount in controversy exceeds five hundred dollars exclusive of costs, the action may be removed from the state to the federal court.

Does the record show that there is such a controversy? We have held that Johnson is not a necessary party, but that the plaintiff can maintain this action.   It then

**8. REMOVAL of cause to federal court: petition for and answer thereto: what the court may consider.** follows, we think, that there is not, and cannot be in this action, any controversy except between the plaintiff and defendant, who are both residents of Illinois, and, therefore, as between them, the right of removal does not exist.   But counsel for the defendant claim that it appears from the record that the assignment of the claim by Johnson to the plaintiff was made for the express purpose of depriving the defendant of the right to remove the action to the federal court.   The petition for the removal so states, but the plaintiff, in what is designated as an answer thereto, denied that Johnson was the real plaintiff, and denied that the assignment was made for the purpose stated in the answer.   But it is said that we can only look to the facts stated in the petition, and must disregard anything stated by the plaintiff.   For the purpose of this case, it will be conceded that this is true where the petition states merely the citizenship

of the parties and the amount in controversy—that is to say., simply the jurisdictional facts; but where it goes beyond this, and states that someone not a party to the record is the real party, and thus alleges facts which have the effect to bar the right of the plaintiff to recover in any court, we think a different rule must prevail. We therefore cannot say that the record shows that the plaintiff is not entitled to maintain this action; for that question is controverted, and the plaintiff is entitled to have it tried and determined in the ordinary manner.

But, conceding that the object of the assignment was to deprive the defendant of the right to remove the action to the federal court, yet it had the effect to vest the legal title to the claim in the plaintiff. He legally owns and controls it, and, if the action is tried on the merits, the judgment is conclusive against the world. There is no law which prohibits the assignment. Clearly, the act of·congress does not do so. It cannot, therefore, be a fraud on the rights of the defendant. At most, the defendant has been deprived of a right in a manner not prohibited by law. The assignment does not have the effect to cut off any defense the defendant may have. This case is clearly distinguishable from *Browne v. Strode*, 5 Cranch, 303, and *McNutt v. Bland*, 2 Howard, 9.

9. ———: citizenship: assignment to defeat removal.

It has been held that when trustees are personally qualified by citizenship to bring suit in the federal courts, the jurisdiction is not defeated by the fact that the parties whom they represent may be disqualified. *Coal Co. v. Blatchford*, 11 Wall., 176; *Knapp v. Railroad Co.*, 20 Wall., 123. The converse of this proposition must be true. The results of the litigation belong to the parties beneficially interested. The trustees in one sense are mere conduits. But, as they control the litigation, and are legally the owners of the cause of action, they are entitled to maintain the action.

We do not understand that *Jones v. League*, 18 How., 76, conflicts with the foregoing views. In that case, the question

Vimont v. The Chicago & Northwestern Railway Company.

was whether there had been a change of citizenship, so that the federal courts had jurisdiction. The court said: "The change of citizenship, even for the purpose of bringing suit in the federal court, must be with the *bona fide* intent of becoming a citizen of the state to which the party removes." This case recognizes the right of a party to change his residence, although it may be done for the express purpose of affecting the jurisdiction of the federal courts. The motive or intent, therefore, of the change is immaterial. So, in the present case, the fact that the assignment was made to deprive the federal court of jurisdiction is immaterial. The assignment was in fact made. It was authorized by law, and the assignment of a promissory note, or any other chose in action, may have precisely the same effect; that is, the legal effect of the assignment of a chose in action may deprive or give the federal courts jurisdiction, though not contemplated by the parties. It does not seem to us that it can make any difference, if the assignment of the chose of action was made with the specific intent which would result from the act done by operation of law.

In the concluding paragraph of the opinion in the case last cited, it is said that the conveyance or assignment in that case must be "*bona fide,* so that the prosecution of the suit shall not be" for the benefit of the assignor. No such question was before the court in that case, and we hardly think it was meant that, where a party had legally divested himself of all title to the subject of the action, the fact that he might be interested in the result of the litigation would affect the jurisdiction of the courts; but rather that, if the assignor has retained such interest in the cause of action as will enable him to control the litigation for his benefit, then the jurisdiction of the courts will be affected by reason of such fact. On the defendant's appeal, the judgment of the circuit court is affirmed, and, on the plaintiff's appeal,

REVERSED.