Vimont v. The Chicago & Northwestern R'y Co.

---

VIMONT v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Personal Injury in Iowa:** ASSIGNMENT OF DAMAGES IN STATE WHERE SUCH ASSIGNMENT IS VOID: ACTION ON IN IOWA. Where a personal injury is inflicted in Iowa, a cause of action arises thereon which is assignable under the laws of this state, and if the assignment is made and delivered in a state where such assignment is void, still an action may be prosecuted thereon in this state.

2. **Assignment:** TO PREVENT REMOVAL TO FEDERAL COURTS: RIGHT OF ACTION BY ASSIGNEE. The holder of a claim against a citizen of another state may assign it to a citizen of the same state for no other purpose than to defeat a transfer of the action on the claim to the fed-

eral courts; and such motive for the assignment is lawful, and will not defeat an action thereon brought by the assignee in the state courts.

3. **Champerty and Maintenance**: ASSIGNMENT: COLLATERAL CHAMPERTOUS CONTRACT: WHO MAY PLEAD. This action was brought by plaintiff as assignee of C. upon a claim for damages against the defendant. The assignment was in the usual form, but at the same time when it was made and delivered the plaintiff executed and delivered to C. the following writing: "In consideration of the assignment to me by C. of his claim for damages, (describing it,) I hereby agree to dispose of the entire amount realized on said claim as follows: For my own compensation in and about the prosecution of said claim, and for the use of any advance of money I may make, I am to retain thereof the sum of fifty dollars. I am also to retain all sums of money that I may advance in the prosecution of said claim. Next, I agree to pay out of the proceeds of such recovery the reasonable fee of the attorneys and agents employed to prosecute said claim, or such fee therefor as may be agreed upon, if an agreement for a specific amount be agreed upon, and the balance of said recovery I agree to pay to said C." Whether said collateral agreement was champertous, and whether, if it was, it invalidated the assignment, which, considered alone, was free from champerty, are questions discussed *pro* and *con.*, (see opinion,) but not decided by the court; but *held* that, if the collateral agreement was champertous, that fact could not be pleaded by defendant to defeat the action upon the assignment, it being a stranger to the champertous contract, and not injuriously affected by it. ADAMS, CH. J., and ROTHROCK, J., *dissenting.*

*Appeal from Polk Circuit Court.*

MONDAY, JUNE 21.

PLAINTIFF, as assignee of one Darby Carr, brings this suit to recover damages for a personal injury sustained by said Darby Carr while in defendant's employ as a laborer on a gravel train, and which was occasioned, as it is alleged, by the negligence of his co-employes. This appeal is from the order of the circuit court sustaining a demurrer to certain counts of defendant's answer.

*N. M. Hubbard* and *Whiting S. Clark*, for appellant.

*Nourse & Kauffman*, for appellee.

REED, J.—It is alleged in the third paragraph of the answer that the assignment by Carr to plaintiff of the claim on which the action is brought was executed, delivered and accepted by plaintiff, and its acceptance took effect, in the state of Illinois, and that by the common law, which is in force in that state, the assignment of said cause of action is void. The question raised by the demurrer to this paragraph is whether the plaintiff is precluded by these facts from recovering on the cause of action sued on. The assignment under which plaintiff claims is set out in the petition, and it is of a cause of action which is alleged to have arisen under the laws of this state in favor of an employe of defendant on account of a personal injury sustained by him in consequence of the negligence of a co-employe.

*1. PERSONAL injury in Iowa: assignment of damages in state where such assignment is void: action on in Iowa.*

It may be conceded for the purposes of this case, we think, that a claim for damages arising out of a personal tort, and having its origin where the common law is in force, is not assignable before being reduced to judgment. The ground upon which it is held that such claim is not assignable is that it is a mere personal claim in favor of the injured party, and that it does not become part of his estate, or descend to his representatives, but terminates at his death; and consequently it has no value which can be so estimated as to form a consideration for a sale, and there is in it no element of property to make it the subject of a grant or assignment. See *Rice v. Stone*, 1 Allen, 566; *People Tioga v. Common Pleas*, 19 Wend., 73. The contract of assignment of such claim between parties otherwise competent to contract is void at common law, then, not because of any incapacity of the parties to enter into the contract, but because the claim itself is not the subject of contract. Under the statute of Iowa, however, such claims are given a character entirely different from that sustained by them when arising under the common law. They are not merely personal claims in favor of the parties sustaining the injuries, and

they do not terminate with their death, but become a part of their estates and descend to their representatives, and actions thereon may be maintained by the representatives. Code, §§ 2525-2527; *Carson v. McFadden*, 10 Iowa, 91; *McKinley v. McGregor*, Id., 111; *Shafer v. Grimes*, 23 Id., 550. They are also assignable under the law of this state. *Weire v. City of Davenport*, 11 Iowa, 49; *Gray v. McCallister*, 50 Id., 497.

If Carr, plaintiff's assignor, had a valid claim for damages on account of the alleged injury, such claim had the qualities of a property right or interest. It constituted a part of his estate, and was capable of being transferred within the state by assignment, and at his death it would have descended to his representatives, and his assignee or representative could have maintained an action in his own name for its enforcement. It seems to us that the mere carrying of this claim into another state could not have the effect to change its character or take from it any of its qualities, but that it would retain its properties notwithstanding the removal of the person in whose favor it arose to another state or country; and that, as it had the properties which rendered it assignable imparted to it by the laws under which it arose, it would retain those properties when taken beyond the jurisdiction of those laws, and would be assignable anywhere.

The other questions raised by the demurrer are the same as those determined in *Vimont v. Chicago & N. W. R. Co.*, 64 Iowa, 513, and the ruling of the circuit court thereon is in accord with our holding in that case.

AFFIRMED.

ADAMS, J., *dissenting*

OPINION ON REHEARING.

BECK, J.—I. A rehearing was allowed in this case upon the petition of defendant. After reargument it has been

again submitted.    Counsel for defendant, on the petition for rehearing, argue at length the question of defendant's right to remove the cause to the federal courts, which is identical with the question determined by us in a prior case of the same title.    See 64 Iowa, 513.    But no such question is in this case, and counsel correct the error into which they had fallen in a brief filed upon the rehearing.

II.    In addition to the question expressly determined in the foregoing opinion, upon which we have no occasion to say more, and with the disposition whereof we remain well satisfied, other questions urged upon the rehearing seem to demand further brief attention.    These questions arise upon defendant's answer, a demurrer to which was sustained, pleading, substantially, these defenses: (1) The assignment of the claim to plaintiff was " collusive, colorable and fraudulent," in that it was made to deprive defendant of the right to a removal of the cause to the federal courts, and the assignor is the real party in interest, and it is to receive the entire benefit of the claim.    (2)    The assignment· is champertous, and is " unlawful maintenance."

It will be observed that defendant pleads (1) that the assignment is " collusive, colorable, and fraudulent," on the ground that it was made to defeat defendant's right of removal of the cause to the federal court; (2) that the assignor is the real party in interest, and is to receive the entire benefits of the claim; (3) the assignment is champertous.

III.    The contract between the assignor and assignee, and the assignment itself, are substantially like, if not identical in form with, the instruments set out in the opinion upon the rehearing of another case of the same title, heretofore decided by us.    See 64 Iowa, 513.    The question presented in the second defense above stated is sufficiently discussed in the foregoing opinion.

IV.    The first defense above specified may be disposed of upon the following considerations: If the assignment was lawful

2. ASSIGN-
MENT: to
prevent re-
moval to
federal courts:
right of
action by
assignee.

to defeat the transfer to the federal court, though made for that purpose, it cannot be alleged that it was "collusive, colorable and fraudulent," because of that motive. The law, recognizing it as lawful notwithstanding the motive that prompted it, will not pronounce it void by reason of the existence of that motive. It is settled by the decisions of the United States supreme court and this court that a transfer to the United States court cannot be made on the ground that the motive of the assignment was to defeat the transfer. See *Provident Sav. Life Assur. Soc. v. Ford*, 114 U. S., 635; S. C., 5 Sup. Ct. Rep., 1104; *Vimont v. Chicago & N. W. R'y Co.*, 64 Iowa, 513. In this case the assignment was sufficient to pass to plaintiff the legal title to the claim. He is vested with property therein, and, by virtue of that property right, clothed with authority to maintain an action upon the claim.

It is not alleged that the assignment is "collusive, colorable and fraudulent" for any reason other than the purpose to prevent the removal of the action brought upon the claim to the federal court. The plaintiff is the real party in interest, required by the statute to bring suit on the claim. Defendants have no ground of complaint against the assignment, except that it defeats their right of removal, which the courts hold it lawfully does. Now, if the defense under consideration is sufficient to defeat the action, the plaintiff cannot have a remedy at all by suit. The assignment would be as nothing, and any action on the claim must be brought by the assignor in the United States court, or, if brought in the state court, it would be transferred to the federal court. The law never does by indirection what it will not do directly. It declares that the motive of the assignment is not sufficient to give the federal court jurisdiction, in a direct application made for a transfer. In an indirect manner, such jurisdiction is not conferred on the ground of the motive of the assignment. The defendant, as has been said,

claims on no other grounds than that plaintiff is not the real party in interest, or that, for any other reason than that the motive of the assignment was to defeat a transfer, it was void and fraudulent.

V. Counsel for defendant, upon the rehearing, again argue the proposition that the assignment under which plaintiff prosecutes this action is void by reason of the fact that it is champertous. They insist that this objection is not disposed of by *Vimont v. Chicago & N. W. R'y Co.*, 64 Iowa, 513, cited in the foregoing opinion as having that effect. We will briefly discuss this question, and present considerations, which, to our minds, support the conclusion that the assignment is not invalidated by champerty.

*3. CHAM-PERTY and maintenance: assignment: collateral champertous contract: who may plead.*

It has been before stated that the questions for our consideration arose upon demurrer to defendant's answer. To attain a proper understanding of the precise question presented by the record, it becomes necessary to state more particularly the pleadings in the case than is done in the foregoing opinion. The petition sets out the assignment of the claim to plaintiff, which is in writing. It is signed by the assignor alone, and purports to be "for value received," and contains no contract, covenant, or expressed obligation binding the assignee. There is nothing in it upon which the charge of champerty can be based. It is simply, in effect, an assignment of the claim, and nothing more. The defense of champerty is pleaded in the fourth count of the answer, which is in the following language:

"For further defense herein defendant says that said alleged assignment was executed, delivered and accepted by plaintiff, and its acceptance took effect, in the state of Illinois; and that at the time of the delivery and acceptance thereof by plaintiff, and as a part of the same transaction, the plaintiff executed and delivered to said Darby Carr an agreement in writing, in words and figures as follows, to-wit:

" ' In consideration of the assignment to me by Darby Carr of his claim for damages against the Chicago &.Northwestern Railway Co., [describing it,] I hereby agree to dispose of the entire amount realized on said claim as follows: For my own compensation in and about the prosecution of said claim, and for the use of any advance of money I may make, I am to retain thereof the sum of fifty dollars. I am also to retain all sums of money that I may advance in the prosecution of said claim. Next, I agree to pay out of the proceeds of such recovery the reasonable fee of the attorneys and agents employed to prosecute said claim, or such fee therefor as may be agreed upon, if an agreement for a specific amount be agreed upon, and the balance of said recovery I agree to pay to said Darby Carr.

[Signed] " ' WM. H. VIMONT.'

" That said assignment and agreement is barratrous and champertous, and unlawful maintenance, and is illegal and void, both in the state of Illinois and Iowa; and that plaintiff has no right or cause of action thereunder, enforceable in this state or elsewhere."

It clearly appears from the pleadings that the transaction is evidenced by two distinct and independent writings,—the first, an assignment of the claim, showing nothing to support the charge of champerty; the second, a unilateral contract in the nature of a declaration of trust, binding plaintiff to dispose of the proceeds of the claim, when collected, in the manner therein prescribed. In my opinion, the first instrument cannot be held invalid and incapable of enforcement by reason of any provision, illegal or otherwise, found in the second, which would be alone affected by any source of infirmity found in it. The contracts are independent, though the covenants of one may be regarded as the consideration of the other. Vimont could not plead the invalidity of the last contract on the ground of its champertous character, should he be sued on the second for a failure to collect the claim. Neither could he set up a like defense to an action against

him to enforce the appropriation of the funds as prescribed by the second, on the ground that it is champertous. The assignor, Carr, could not plead champerty against the enforcement of the first instrument, for it is not champertous in character, and contains no provision setting out, or in any manner evidencing, an unlawful contract. Whether he could defeat the provisions of the second instrument because it is champertous I need not inquire in order to support the view just presented. I conclude, therefore, that the assignment does not present a champertous contract.

I am also of the opinion that the second instrument, in its conditions and terms, does not embody a champertous contract. The conditions for the payment of attorneys and agents employed about the prosecution of the suit, and $50 compensation to plaintiff, are not champertous. The condition authorizing plaintiff to retain sums of money advanced by him in the prosecution of the claim is not champertous, for the reason that plaintiff does not undertake or obligate himself to make any such advances. It is not an agreement to maintain or support a lawsuit. Plaintiff is not bound thereby to furnish or supply money for the prosecution of an an action. It is not, therefore, champertous.

But if it be assumed that the terms of the instrument signed by plaintiff are champertous, a majority of the court are united in the opinion that a defense based upon that ground cannot be pleaded in this case. It is a matter that can be pleaded only in an action between the parties to the contract, and, if not pleaded therein, the contract may be enforced as valid between them. If the party wronged by the champertous contract fails to plead the illegality as a defense, the contract may be enforced against him. The interest or rights of a stranger not being affected, he cannot set up champerty to invalidate the contract. The defense pertains to the contract itself, and can only be pleaded in an action between the parties to it. See *Knadler v. Sharp*, 36

Iowa, 232; *Hyatt v. Burlington, C. R. & N. R. Co.*, 68 Id., 662.

We adhere to the conclusion announced in the former opinion filed in the case.

AFFIRMED.

ADAMS, J., *dissenting.*—For the purpose of this opinion it may be conceded that, if Vimont holds the legal title to the claim, he is sufficiently a party in interest to enable him to maintain this action. But in my opinion he cannot, under the averments of the answer demurred to, be regarded as holding the legal title. The court, in adjudging that he does hold such title, must sustain the contract of assignment. This it cannot do if the contract is champertous, for, in such case, it is against public policy, illegal and void.

The writer of the majority opinion holds that the contract is not champertous, and we have to consider whether this holding is correct. It is true, the paper signed by Carr does not show what the consideration of the assignment was. The champertous character of the transaction appears alone from the papers signed by Vimont. But the two papers are to be taken together. Not only does Vimont's agreement expressly recite that it is made "in consideration of the assignment," but the answer expressly avers that, "as a part of the same transaction, the plaintiff executed and delivered to said Darby Carr an agreement in writing, in the words and figures as follows, to-wit: " Then follows a copy of Vimont's agreement. This averment that the agreement is a part of the same transaction is admitted by the demurrer. Now, how in the face of this fact the writer can properly say that the two papers are independent of each other, and treat them so, I am unable to see. The holding seems to me to be in express contravention of what is admitted of record.

But it is said, substantially, that in no view is the transaction champertous, because Vimont did not agree to prosecute the action, nor to pay, or become responsible for, the costs. It

may be admitted that the paper signed by Vimont was very ingeniously drawn, but no one can read it, and have the slightest doubt that he took the claim in trust for Carr, to prosecute at his own expense, for the chance of making a net profit of $50. No other possible object of the assignment than the prosecution of the claim by Vimont in his own name has been suggested, nor is it possible to discover any.

But, aside from what is the manifest construction of the contract, there is the controling fact that the case is, in fact, being prosecuted by Vimont in his own name, and he has paid, or is responsible for, the costs; and this is being done under the contract which gives him a net profit of $50 in case of success, and nothing more. Now, the question is simply this: Where an action is being prosecuted under such a contract, is the contract champertous? That such a contract constitutes the ordinary case of champerty it seems to me that there can be no doubt. In Bouvier's Law Dictionary " champerty " is defined as " a bargain with the plaintiff or defendant to divide the land or other matter sued for between them, if they prevail at law; the champertor undertaking to carry on a suit at his own expense." Have not Vimont and Carr agreed to divide the proceeds of the claim if they shall prevail at law and is not Vimont responsible for costs, and so carrying on the suit at his own expense, so far as the case shows? There can be but one answer.

But it is said that champerty can be pleaded only by a party to the champertous contracts. But this, I think, cannot be so when it is set up merely to invalidate the plaintiff's title to the claim sued on. The case is not different in principle from what it would be if the defendant had pleaded that the assignment is forged. If the plaintiff had admitted by demurrer that it was forged, would any one claim that he could recover? But a contract which is illegal is just as essentially void as if it were forged. It is not good for any purpose whatever, and must be condemned, and held as naught as soon as its illegal character is admitted or other-

wise shown. The defendant does not set up the void char-' acter of the contract as showing that it is not liable, but as showing that it is not liable *to the plaintiff*; and this, I think, it may do, if a defendant can ever show that the plaintiff is not the real party in interest.

ROTHROCK, J., concurs in this dissent.