THE CONTINENTAL INSURANCE COMPANY v. THE H. M. LOUD & SONS LUMBER COMPANY.

*Fire insurance—Subrogation—Right of action.*

Where an insurance company, on payment of a portion of the loss sustained by reason of the destruction of the insured property, caused, as claimed by the insured, by the negligence of a third person, is subrogated to a proportionate amount of the claim of the insured against said third person, the company cannot maintain an action to recover the portion of the claim covered by the subrogation.

Error to Iosco. (Simpson, J.) Argued June 10, 1892. Decided October 4, 1892.

Case. Defendant brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*M. J. Connine,* for appellant.

*C. R. Henry,* for plaintiff, contended:

1. The right of subrogation is a legal right, not based upon contract, nor requiring any privity between the person causing the injury and the person entitled by subrogation to recover; citing *The Potomac,* 105 U. S. 634; *Insurance Co. v. Transportation Co.,* 117 Id. 312, 321; *Steam Co. v. Insurance Co.,* 129 Id. 462; and the cause of action was assignable under the statute, and the assignee must sue in his own name; citing How. Stat. § 7344; 3 How. Stat. § 7397; *Watson v. Watson,* 49 Mich. 540.

2. The appellant complains of a splitting of the cause of action, and we reply:

   *a—There is no evidence of it.* Nothing appears upon this record

to show that any part of the loss has been assigned to any other company, or that any other company claims any rights growing out of this loss. No other suit appears by the record to have been begun. No plea in abatement or other plea or objection based upon such other suits, if any, appears to have been made in this suit. Appellant's attorney asserts in his brief that other actions were begun, but this record shows no such fact, and he does not even offer to supplement the record by his own statements so far as to allege that such other actions were pending at the time this action was begun, or that they are still pending. .

*b—Such other actions could not defeat this.* Even if there were any evidence of other actions, they could not defeat this, no plea in abatement or other objection having been made. This action might possibly defeat the other actions, if there were any, but it will be time enough to discuss that question when it arises.

LONG, J.     October 29, 1889, the plaintiff issued to Rix Bros., a grocery firm doing business in Oscoda village, its policy of insurance in the sum of $1,000. The goods insured were contained in a two-story frame warehouse, located back of the firm's general store, and near the railroad operated and used by the defendant in this suit. January 30, 1890, a fire occurred by which the property so insured was destroyed, and the plaintiff paid Rix Bros. on the policy for such loss the sum of $866.20, and took from them the following assignment:

## "SUBROGATION.

"Be it known that the Continental Insurance Company of New York did insure Rix Bros., under its policy No. 311, Oscoda, Michigan, as follows: $1,000 on their stock of groceries and provisions, flour, feed, and hay, all while contained in the two-story frame warehouse of the Oscoda Boom Company, situated on block 19, village of Oscoda, Michigan.

"Further, that on the 30th day of January, 1890, a fire occurred by which property so insured was damaged or destroyed to the amount of twenty-six hundred ninety-eight 62-100 dollars.

"Now, therefore, we, Rix Bros., in consideration of eight hundred sixty-six 20-100 dollars to me in hand paid by the said Continental Insurance Company of New York,

in full settlement of claim against said company by reason of such insurance and loss, do hereby assign, set over, transfer, and subrogate to the said Continental Insurance Company of New York all the right, claims, interest, choses, or things in action, to the extent of eight hundred sixty-six 20-100 dollars paid me as aforesaid, which I may have against the said H. M. Loud & Sons Lumber Company, or any other party, person, or corporation who may be liable, or hereafter adjudged liable, for the burning or destruction of said property; and I hereby authorize and empower the said Continental Insurance Company of New York to sue, compromise, or settle, in my name or otherwise, to the extent of the money paid as aforesaid; and the said insurance company is hereby substituted in my stead, and subrogated to all my rights in the premises, it being expressly stipulated that any action taken by said company shall be without charge or cost to me.

"RIX BROS.<br>"Per V. E. RIX.

"Witness: LILLIE WATERS."

This action is brought to recover from the defendant the moneys paid by the plaintiff to Rix Bros. for their loss, the claim being that the fire was occasioned by the use of a locomotive run and operated on defendant's railroad. To the declaration filed defendant pleaded the general issue. The case was tried in the circuit court for Iosco county before a jury, where plaintiff had verdict and judgment for the amount of money paid Rix Bros.

It appears by the testimony in the case that the loss of Rix Bros. by this fire was the sum of $2,698.62; and the claim on the trial was that the defendant, by the improper construction of its engine and the careless and negligent manner in which it was used, caused sparks to be emitted which destroyed Rix Bros.' property. It is also apparent, as shown by the record, that other insurance companies aside from the plaintiff had issued policies to Rix Bros., insuring in different amounts the property destroyed by this fire. The paper subrogating the plaintiff to all of the rights of Rix Bros. against the defendant does not purport

to assign and transfer to the plaintiff all of the claim and demand of Rix Bros. against the defendant for the loss sustained by them by this fire, but only an interest in the claim and demand against the defendant, represented by the sum of $866.20, and by the terms of subrogation the plaintiff is authorized and empowered to sue for the recovery of the damage occasioned by the fire only to the extent of that sum.

It is a well-settled rule that an entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims, and the same form of action brought for each, or two suits maintained, without defendant's consent. *Herriter v. Porter*, 23 Cal. 385; *Logan v. Caffrey*, 30 Penn. St. 196; *Colvin v. Corwin*, 15 Wend. 557; *Alcott v. Hugus*, 105 Penn. St. 350; *Smith v. Jones*, 15 Johns. 229; *Hartford Fire Ins Co. v. Davenport*, 37 Mich. 614.

A party cannot be permitted, even in a tort, to split up a cause of action, and bring separate actions for a part of the claim, or several actions where one action would suffice. One seeking to enforce a claim must present by the pleadings or proof, or both, all the grounds upon which he expects a judgment. He may not split up his demand, or prosecute it piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest for a second suit if the first fails. Otherwise there would be no end to litigation. This rule is settled in *James ⸱ v. Allen Co.*, 44 Ohio St. 230, and cases there cited.

Under the pleadings and proofs in the case, the court should have directed the verdict in favor of the defendant, for the reason that it was made apparent to the court upon the trial that an effort was being made to collect upon a split cause of action, and which was a portion only of the claim.

If the Rix Bros. have a claim, undoubtedly they would

have a right to maintain a suit for the loss occasioned by the negligence of the defendant in setting the fire,—if the defendant was negligent in that respect,—and the Rix Bros. could undoubtedly assign their claim and demand, and their assignee would be subrogated to their rights, having the same rights of recovery, and no greater; but the Rix Bros. or their assignee, or person subrogated to only a portion of the claim, could not bring the action to recover such portion, and leave out of the suit or action a portion of such claim or demand.

The judgment of the court below must be reversed, with costs of both courts. No new trial will be ordered.

The other Justices concurred.