OVER et al. v. LAKE ERIE & W. R. CO. et al. (No. 9,036.)

(Circuit Court, D. Indiana. September 21, 1894.)

1. INSURANCE COMPANY—SUBROGATION—ASSIGNMENT OF CAUSE OF ACTION.
On payment by insurance companies of policies on goods destroyed in transit they become subrogated pro tanto to the equitable right of action against the railroad, but the full legal title to the cause of action remains in the owner and is not assignable.

2. REMOVAL OF CAUSES.
Where, in an action against a railroad company for goods destroyed in transit, the insurance companies, which have become subrogated to the equitable rights, are joined with the owner, who has the full legal title, so as to defeat the right of the railroad to a removal of the legal cause of action to the federal court on grounds of diverse citizenship, the federal court will separate the legal cause of action, and will not allow the joinder of parties having only equitable claims to defeat the right of removal.

This was an action by Charles H. Over and others against the Lake Erie & Western Railroad Company. The action was removed from the state court by defendant. On motion to remand.

Ryan & Thompson, Bates & Harding, and R. W. Barger, for plaintiff.

Miller, Winter & Elam, W. E. Hackedorn, and John B. Cockrum, for defendant.

BAKER, District Judge. This is an action to recover judgment for damages to the amount of $75,000 for the alleged negligent destruction by fire of property owned by Charles H. Over, a citizen of the state of Indiana. At the time the property was destroyed, it was insured in his favor, in the sum of about $38,000, in several different insurance companies, two of which are citizens of the state of Illinois, of which state the railroad company is a citizen. After the destruction of the property the insurance companies severally paid the amount of their respective policies to Over, who gave to each company a written assignment of a part of his claim for loss against the railroad company, the amount so assigned being equal to the amount paid by each company to him. Over and the insurance companies, except one, then brought suit in the state court, as joint parties and owners of the claim for loss, against the railroad company and the insurance company which had declined to become a plaintiff. One of the plaintiff insurance companies and

the defendant insurance company are citizens of the state of Illinois. The railroad company has removed the case into this court on the ground of diverse citizenship, and on the ground that the insurance companies are merely formal, and not necessary or proper, parties to the suit.

The cause of action for the alleged wrong accrued to Over alone. It was a right of action at law, triable by jury. It was not assignable, in whole or in part, so as to invest the assignee with a legal title. By the payment of the policies the insurers became subrogated, pro tanto, to an equitable right in the cause of action. The written assignment executed by Over to the insurance companies gave them nothing beyond an equitable right. Neither at common law nor under our statutes does the assignment of a part of a cause of action for a tort invest the assignee with any part of the legal title. The plaintiff Over still retains the entire legal title to the cause of action. As the owner and holder of the entire legal title to the cause of action, and having also the entire beneficial ownership of the unassigned part of it, he can, in this state, as at common law, maintain in his own name an action for the whole amount of the loss. Cunningham v. Railroad Co., 102 Ind. 478, 1 N. E. 800. His right of action is at law, because his title is purely legal. The title and interest of the insurance companies are wholly equitable, and extend to but a part of the cause of action. Can Over, whose right of action is at law, by joining the insurance companies, whose right of action is in equity, deprive the railroad company of the right of removal? He could have brought his suit originally in this court against the railroad company, but it would have had to be brought in his name alone. His right of action, being legal, and embracing the entire loss, is separable from the equitable causes of action of the insurance companies. The distinction between actions at law and suits in equity is firmly maintained in the federal system of jurisprudence, and state legislation will not be permitted to alter or abridge this distinction. Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977. If the practice in the state courts permits the joinder of parties having the entire legal title with others having only an equitable title or interest in a part of the cause of action, still, in my opinion, such joinder will not defeat the right of the federal court to separate the parties having a legal cause of action from those having an equitable right; and if, when thus separated and arranged, the action at law is removable, the presence of parties having a mere equitable interest will not defeat such right. If the assignee of an equitable interest in a cause of action of a legal nature is a necessary or proper party with the owner of the entire legal title, then, in every case where a cause of action arises, of which the federal court might rightfully have taken cognizance by removal, this right could be defeated by the assignment, to a citizen residing in the state of the defendant's residence, of a small interest in the claim or cause of action. Such construction would make the defendant's right of removal, in every case, depend on the will of the owner of the cause of action. I think the motion to remand should be overruled, and it is so ordered.