WUNDERLICH and others, Respondents, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Appellant.

*March 31 — April 14, 1896.*

*Pleading: Demurrer: Parties: Negligent burning of insured property by third person: Subrogation of insurer.*

1. A complaint alleging the negligent burning by defendant of property owned by the plaintiffs W.; that certain insurance companies, joined as plaintiffs, had at the time of the fire policies of insurance in full force and effect "upon the said property of the plaintiffs W., against loss and damage thereto by fire," to the amounts named; and that said plaintiffs W. have received from the several companies the full amount of the policies,— is *held* sufficient to show that the plaintiffs W. were the persons insured by said policies.

2. Where insured property is destroyed by fire through the negligence of a third person, the insurer who has paid the loss to the assured becomes subrogated *pro tanto* to the latter's claim against the wrongdoer, and should properly join him as plaintiff in an action for such negligent burning.

3. The question of misjoinder of plaintiffs, or whether the complaint, as to one or more of several plaintiffs, states a cause of action against the defendants, cannot be raised by demurrer under sec. 2649, R. S.

APPEAL from an order of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The complaint alleges that the plaintiffs *Wunderlich* on the 12th of September, 1894, owned and operated a saw-mill and general store at Elmhurst, Langlade county, and that on said day their saw-mill and store and a large amount of lumber, valued in all at over $50,000, were destroyed by fire, which fire was caused by sparks negligently allowed to escape from a defective engine operated by the defendant. The complaint further alleges that plaintiffs *Palatine Insurance Company* and eleven other insurance companies, who are joined as plaintiffs, had, at the time of said fire, policies of insurance in full force and effect "upon the said property of the plaintiffs *Wunderlich*, against loss and damage thereto by fire," to the amounts respectively named in the complaint, and that the plaintiffs *Wunderlich* have received from the several companies the full amount of their several policies, except that two companies who are named have made partial payments only. Judgment is demanded for the full value of the property destroyed.

To this complaint the defendant demurred on the ground (1) that there is a defect of parties plaintiff, in that the complaint states no cause of action in favor of the said insurance companies (naming them); (2) that several causes of action have been improperly united; (3) that the complaint does not state facts sufficient to constitute a cause of action; (4) that the complaint does not state facts sufficient to constitute a cause of action in favor of the said plaintiff insurance companies. The demurrer was overruled, and the defendant appealed.

For the appellant the cause was submitted on the brief of *Fish & Cary.* They contended, *inter alia*, that the complaint fails to show that the insurance companies named as plaintiffs have any interest in the property alleged to have been destroyed, or in the loss and damage occasioned thereby, either by contract, subrogation, or otherwise. The complaint utterly fails to show who was indemnified against loss by the policies of insurance. The alleged payment of

Wunderlich and others vs. Chicago & Northwestern R. Co.

the policies to the *Wunderlichs*, in the absence of averments that such policies were in their favor and bound the companies to make payment of losses to them, must be construed as voluntary and as not vesting the insurance companies with any rights or interests through subrogation. Volunteers or strangers are not entitled to subrogation. Sheldon, Subrogation, §§ 240–245; *Hough v. Ætna L. Ins. Co.* 57 Ill. 318; *Mosier's Appeal*, 56 Pa. St. 76, 81; *Downer v. Miller*, 15 Wis. 612, 627; *Watson v. Wilcox*, 39 id. 643, 649.

For the respondents there was a brief by *John E. Martin* and *Bouck & Hilton*, and a separate brief signed by *John E. Martin* and *R. W. Barger*, attorneys for the insurance companies; and the cause was argued orally by *Gabe Bouck.*

WINSLOW, J. Fairly and reasonably construed, the complaint charges that the property of the plaintiffs *Wunderlich* was destroyed by a fire negligently kindled by the defendant, and that the plaintiff insurance companies had previously issued to the plaintiffs *Wunderlich* contracts of insurance against fire upon said property, which were in force at the time of the fire, and that said insurance companies had paid the losses under their policies. The demurrer to the complaint was properly overruled, for two reasons: (1) Because it is settled in this state that " the question of misjoinder of plaintiffs, or whether the complaint, as to one or more of several plaintiffs, states a cause of action against the defendants, cannot be raised by demurrer under any of the grounds allowed by sec. 2649, R. S." *Kucera v. Kucera*, 86 Wis. 416. (2) Because it is equally well settled that where insured property is destroyed by fire through the negligence of another, the insurer of such property, who has paid the insured the insurance moneys, becomes subrogated *pro tanto* to the latter's claim against the wrongdoer, and should properly join with him as plaintiff in an action for such negligent burning. *Pratt v. Radford*, 52 Wis. 114.

*By the Court.*— Order affirmed.