[No. 2061. Decided June 5, 1896.]

JAMES MCELROY *et al.*, *Respondents*, v. JOSIE WIL-
LIAMS *et al.*, *Appellants.*

SEPARATE ASSIGNMENTS BY OBLIGEES IN BOND — VALIDITY — APPEAL —
ERRORS NOT RAISED BELOW.

An action upon a bond may be maintained by assignees who hold
under separate assignments from the several obligees, when the
action is brought jointly upon the entire cause of action by such
assignees. (HOYT, C. J., dissents).

Error in admitting a written instrument in evidence for the rea-
son that there was no proof of its execution cannot be urged on
appeal, when merely general objections were interposed in the court
below that it was incompetent and that no proper foundation had
been laid for its introduction.

Appeal from Superior Court, King County. — Hon.
T. J. HUMES, Judge. Affirmed.

*Stratton, Lewis & Gilman,* for appellants.
*James F. McElroy,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This was an action upon a bond given
by the defendant Williams as principal and the defend-
ants Miller and Stinson as sureties, to Frank W.
Clancy and Thomas H. Clancy. Thereafter, one of
the obligees in said bond assigned all of his right and
interest therein to the plaintiff McElroy, and the other
obligee assigned all his right and interest therein to
the plaintiff, Thomas Clancy, by separate instruments.
Judgment being rendered for the plaintiffs, the defend-
ants have appealed. Two grounds of error are alleged.

The first is that the obligees in said bond could not
separately assign their respective interests therein on
the ground that it would be a splitting of the cause of

action. This would present a much stronger question in favor of appellants if this action had been brought by one of said. assignees only, but they have sued jointly upon the entire cause of action. There is no doubt but that the obligees might have joined in an assignment of their interests in the bond, and it seems to us that the execution of the separate assignments by each of them respectively was in effect the same as though they had joined in one assignment, and that they should be construed as one. The appellants were in nowise prejudiced by the fact that separate instruments were executed, for they were subjected to but one action upon the bond, and their entire liability thereunder was brought in question and sought to be enforced in said action the same as if the suit had been brought by the original obligees.

The second ground of error alleged is that the court erred in admitting said assignments in evidence, there having been no proof of their execution by the original obligees. There was some contention upon the part of the respondents that the execution of said instruments had been proven in another action tried that day, with which this one had been consolidated, and that such proof was available in this action. We do not think that this contention is sustained by the record, for such testimony was not incorporated in the statement of facts settled upon this appeal, nor have we been able to find anything in the record otherwise sufficient to sustain the respondents in the premises, but we are of the opinion that the question of the execution of said assignments was not raised in the lower court.

The appellants' objection to the admission of these instruments, which were offered with a number of others, was as follows:

" Whereupon the defendants, by their attorney, duly objected and excepted to the introduction of each and every of the above mentioned exhibits, on the ground and for the reason that said exhibits and each of them were irrelevant, incompetent and immaterial, and because the same had not been properly identified and no proper foundation having been laid for their introduction, which objection was overruled by the court, and an exception then and there allowed."

No attention was called by this objection to the fact that the appellants intended to rely upon the failure to prove the execution of said instruments. The general objections that the same were incompetent, and that no proper foundation was laid for their introduction were insufficient for this purpose. Had specific attention been called to the objection that is now urged, an opportunity would have been given at the time to supply the proof, and we have repeatedly held that such questions urged upon appeal must be based upon timely and specific objections.

Affirmed.

ANDERS, GORDON and DUNBAR, JJ., concur.

HOYT, C. J., (dissenting).—In my opinion one of several obligees in a bond cannot by assignment vest in his assignee the right to maintain an action at law for a breach of the conditions of the bond.