[No. 8427. Department One. May 13, 1910.]

FIREMAN'S FUND INSURANCE COMPANY, *Respondent*, v.
OREGON RAILROAD AND NAVIGATION COMPANY,
*Appellant*.[1]

ACTIONS—SPLITTING CAUSE OF ACTION—WAIVER OF OBJECTION—
SETTLEMENT. Where a fire insurance company, having paid a loss
and taken an assignment of insured's cause of action, brought action
for the amount of the policy against the party whose negligence
caused the fire, the defendant cannot, after admitting that it had
settled with the insured for his loss in excess of the policy, object
that there is a splitting of the causes of action and that plaintiff
owned only part thereof; since the defect was one of parties plain-
tiff, which could have been cured by amendment, and the settlement
had the same effect, leaving but one cause of action owned entirely
by the plaintiff.

RAILROADS—NEGLIGENCE—FIRES—EVIDENCE—SUFFICIENCY. Whether
a fire was negligently set by a railroad company is for the jury,
where there was testimony that it was customary to clean ashes and
cinders from locomotives on its main line and leave the same on
the ties a few feet from a depot platform, that the cross ties had
been frequently set afire, that the wind was blowing towards the
platform, and the fire was first discovered on the platform a few
feet from the ties; and it is immaterial that defendant's witnesses
testified that no engines were cleaned there that day or night and
that engines were not cleaned at that station; the credibility of the
witnesses being for the jury.

Appeal from a judgment of the superior court for Whit-
man county, Miller, J., entered December 15, 1908, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for negligence. Affirmed.

*W. W. Cotton, R. L. McCroskey,* and *Ralph E. Moody,*
for appellant, contended that whatever presumption might
have arisen from the evidence of other fires was overcome by
the direct evidence that the engines did not cause the fire in
question. *Smith v. Northern Pac. R. Co.,* 3 N. D. 17, 53
N. W. 173; *Olmstead v. Oregon Short Line R. Co.,* 27 Utah

[1]Reported in 108 Pac. 770.

515, 76 Pac. 557; *Louisville & Nashville R. Co. v. Marbury Lumber Co.*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Menominee River Sash & Door Co. v. Milwaukee & N. R. Co.*, 91 Wis. 447, 65 N. W. 176; *Gainesville, J. & S. R. Co. v. Edmondson*, 101 Ga. 747, 29 S. E. 213; *Woodward v. Chicago, M. & St. P. R. Co.*, 145 Fed. 577; *Alabama G. S. R. Co. v. Taylor*, 129 Ala. 238, 29 South. 673; *Preece v. Rio Grande W. R. Co.*, 24 Utah 493, 68 Pac. 413; *Creighton v. Chicago, R. I. & P. R. Co.*, 68 Neb. 456, 94 N. W. 527.

*Miles Poindexter* and *O. C. Moore*, for respondent, to the point that the question as to the origin of the fire was for the jury, cited: *McCullen v. Chicago & N. W. R. Co.*, 101 Fed. 66, 49 L. R. A. 642; *Chenoweth v. Southern Pac. Co.*, 53 Ore. 111, 99 Pac. 86; *Greenfield v. Chicago & N. W. R. Co.*, 83 Iowa 270, 49 N. W. 95; *Hoffman v. Chicago, M. & St. P. R. Co.*, 43 Minn. 334, 45 N. W. 608; *Preece v. Rio Grande W. R. Co.*, 24 Utah 493, 68 Pac. 413.

Gose, J.—One L. M. Lester, the owner of a stock of general merchandise in the town of Winona, insured it with the plaintiff, a corporation engaged in the fire insurance business, in the sum of $2,000, which was less than its value. On August 3, 1907, the property was totally destroyed by fire which, it is alleged, originated through the negligence of the defendant company. The plaintiff paid Lester the amount of the insurance and, by articles of subrogation, took an assignment of his claim against the defendant to the extent of the amount paid. The defendant, at and before the date of the fire, was operating a steam railroad which passed through the town of Winona, where it owned and maintained a depot, depot platforms, and other buildings. The goods were stored in a frame building near the depot. Winona is situated at the junction of defendant's main line of road, which runs easterly and westerly at that point, and its Pleasant Valley road, which runs northerly. The depot and coal house were between the two lines of road and near the switch.

The coal house was some fifty feet northeast of the depot, and the store about the same distance northwest of the coal house. A platform extended around the depot and within about a foot of the ties of each line of road.

About midnight of August 2, 1907, a fire was observed in the depot platform a few feet distant from the main line of track on the south side of the depot, which communicated to the depot and coal house and thence to the building containing the stock of merchandise, completely destroying the store and its contents. The case was tried upon the issues in the second amended complaint and the answer. The negligence charged is that, at the time of the fire, the defendant had stored a large quantity of giant powder, with fulminating explosive caps, in the coal house; that the fire originated from ashes and cinders containing live embers, which the defendant had taken from its engines and deposited on the main line track a few feet from the depot platform; that the fire communicated from the platform and depot to the coal house, causing the giant powder and caps to explode with such violence as to shatter and destroy the building, throwing fire brands upon, and setting fire to, the store building. It is also alleged that, before the commencement of the action, Lester settled with the defendant for the loss he had sustained in excess of the sum paid him by the plaintiff on the policies. A general demurrer to this complaint was overruled. The defendant joined issue on the charges of negligence, admitted that it had settled with Lester, but denied that the settlement was made before the suit was commenced. At the close of the plaintiff's testimony, the defendant challenged its sufficiency and moved for a dismissal of the case, and at the close of all the evidence, it moved for a directed verdict. From a verdict and judgment for $2,000 in favor of the plaintiff, the defendant has appealed.

The first error suggested is, that the respondent did not own the entire cause of action when the suit was commenced; that there was but one wrongful act, and that but one suit

can be maintained; that there being no evidence to support the allegation that Lester settled with the appellant before the commencement of the action, there is a failure of proof, and the case should have been withdrawn from the jury at the close of the respondent's testimony.  The following authorities are cited in support of this contention: *Continental Ins. Co. v. Loud & Sons Lumber Co.*, 93 Mich. 139, 53 N. W. 394, 32 Am. St. 494; *Home Mut. Ins. Co. v. Oregon R. & Nav. Co.*, 20 Ore. 569, 26 Pac. 857, 23 Am. St. 151; *State Ins. Co. v. Oregon R. & Nav. Co.*, 20 Ore. 563, 26 Pac. 838; *Fireman's Ins. Co. v. Oregon R. & Nav. Co.*, 45 Ore. 53, 76 Pac. 1075, 67 L. R. A. 161; *Wunderlich v. Chicago & N. W. R. Co.*, 93 Wis. 132, 66 N. W. 1144; *Mobile Ins. Co. v. Columbia & G. R. Co.*, 41 S. C. 408, 19 S. E. 858, 44 Am. St. 725; *Norwich Union Fire Ins. Society v. Standard Oil Co.*, 59 Fed. 984; *Watts v. Southern Bell Tel. & Tel. Co.*, 66 Fed. 453; *Southern R. Co. v. Blunt & Ward*, 165 Fed. 258; *Dietz v. Winehill*, 6 Wash. 109, 32 Pac. 1056; *German Fire Ins. Co. v. Bullene*, 51 Kan. 764, 33 Pac. 467.  We think the point is not well taken.  As we have seen, the answer admits that the appellant has settled with Lester.  When that fact was disclosed, it was apparent that the respondent owned the entire cause of action.  It is, therefore, not material whether the settlement occurred before or after the action was commenced.

The appellant argues that, when the complaint discloses that all the parties in interest have not united as plaintiffs, a cause of action is not stated.  We think it would present a case of a defect of parties plaintiff.  If the appellant's view is correct, in the absence of evidence that the settlement was made with Lester before the action was commenced, it was the duty of the court to withdraw the case from the jury; for it is fundamental that, where a cause of action does not exist when the action is commenced, but arises thereafter, that fact cannot be shown either by an amended or supplemental pleading.  The office of an amended complaint is to correctly

state a cause of action that existed when the action was com-
menced, and the office of a supplemental complaint is to
state a breach of a legal right connected with the subject
of the action and arising after the action was commenced. The
record presents a case where the owner of a part of the cause
of action became the sole owner during the pendency of the
action by the voluntary act of the co-owner and the party
against whom the cause of action was asserted.

The cases cited by the appellant all state the rule that a
claim or demand arising out of a single transaction, whether
resting in contract or tort, cannot be divided into separate
and distinct claims so that separate and independent actions
can be waged upon the several parts.   The reason for the
rule is that a party against whom there exists but one
liability cannot be vexed by a multiplicity of suits by the
same or different parties for the breach of a single duty.
Stated in another form, a party cannot be permitted, even in
a tort, to split a cause of action and bring separate actions
for a part of the claim, or several actions where one would
suffice.   The complaint discloses but one wrongful act, caus-
ing but one loss, creating. but one liability, and the record
shows that the respondent is the entire owner of that liability.
In most of the cases cited, the record discloses that others who
were not parties still owned an interest in the cause of action.
None of the cases cited present the precise question before us.
In *German Fire Ins. Co. v. Bullene, supra,* the court re-
marked:

"If we could say from the record brought here that this
case alone was pending against the insurance company, and
that all of the parties in any manner interested in the policy
were before the court, so that the rights of each and all of
them could be fully determined, it might be that the plain-
tiff's judgment could be upheld."

At any time before Lester settled he could have been united
as a plaintiff, and all the parties in interest would have been
before the court.   The same thing was accomplished when he

settled with the appellant.   To hold that his settlement de-
feated the right of the respondent to proceed with the case
would be sacrificing substance to form.   The cause of action
was not then split, but was in the respondent in its entirety.
*Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784, is in point.   In
that case a married woman commenced an action in her own
name to recover for personal injuries.   The original com-
plaint did not disclose that she was a married woman, but
that fact appeared from her evidence.   At the close of her
testimony, the adverse party moved for a judgment on the
ground that the husband was a necessary party.   She was
then permitted to amend her complaint and unite her hus-
band as a party plaintiff.   On appeal this was urged as error,
and it was contended that she had no cause of action and that
she could not amend and make her husband, the party having
the cause of action, a party plaintiff after the submission of
all her evidence.   It was held that the wife suing alone
could not recover, but that it was not error to permit the
amendment.

   The respondent offered testimony tending to show that it
was the custom of the appellant to clean the ashes and cinders
from the engine on the main line track south and southwest of
the depot and within a few feet of the platform, and to per-
mit them to remain there; that they had frequently set fire to
the cross ties; that the wind was blowing from the southwest
at the time of the fire, and that the fire when first observed
was in the platform on the south side of the depot a few feet
from the main line track.   A Mr. Broyles, a watchman and
engine cleaner in the employ of the appellant at Winona,
testified that no engines were cleaned on the main line or near
the depot during the day or evening preceding the fire; and
a Mr. Ely, a fireman on the main line, testified that engines
were not cleaned at Winona.   The appellant's second conten-
tion is that the presumption arising from the evidence of ap-
pellant's custom of cleaning its engines and the occurrence
of other fires at that point, was overcome by its direct evi-

dence, and that it was error for the court to submit that issue to the jury.

We think the point is without merit. If the respondent's evidence is true, the appellant had many times been guilty of the grossest negligence. The question of the veracity and credibility of the appellant's witnesses was one of fact for the jury to determine. It might properly have concluded that, in view of the appellant's past conduct, the course of the wind, and the location of the fire when first observed, the memory of the appellant's witnesses was defective, or that they did not truthfully relate the facts. The fire occurred, as we have stated, in August, 1907. The trial was had in December, 1908. The jury was the tribunal designated by the constitution to try the facts. The circumstances related by the appellant's witnesses were of sufficient cogency to carry the case to the jury upon this issue. *Ireland v. Scharpenberg*, 54 Wash. 558, 103 Pac. 801; *McCullen v. Chicago & N. W. R. Co.*, 101 Fed. 66, 49 L. R. A. 642. The authorities cited by the appellant are spark cases, and are so different upon the facts that they are not in point.

The learned trial court correctly instructed the jury upon the law applicable to the case. Finding the record free from error, the judgment is affirmed.

RUDKIN, C. J., FULLERTON, and MORRIS, JJ., concur.

CHADWICK, J., took no part.