[No. 8636. Department One. June 10, 1910.]

C. H. Weed, *Respondent*, v. H. E. Foster, *Appellant*.[1]

Champerty and Maintenance—Defense—When Available. In an action upon a guaranty of an assignment, the defense that the assignment was champertous is not available, since a champertous contract can be relied upon as a defense only in an action wherein it is sought to be enforced.

Same—Contracts Constituting—Assignment of Cause—Barratry. An assignment of a part of a recovery arising out of an alleged tort, in consideration of advancing money for costs, is not champertous; especially in view of Rem. & Bal. Code, § 2970 defining barratry as wilfully maintaining suits in which a party has no interest.

Appeal—Review—Instructions. It is not error to refuse to give requested instructions covered in the general charge.

Appeal from a judgment of the superior court for King county, Gay, J., entered October 16, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*George W. Saulsberry*, for appellant.

*Alexander & Bundy*, for respondent.

[1]Reported in 109 Pac. 123.

MORRIS, J.—On June 21, 1904, appellant represented the libelants in an action then pending in the United States district court for the district of Washington. The character of this proceeding does not clearly appear in the record before us, but from what is said we gather that it was an attempt on the part of numerous libelants to enforce a cause of action for damages against a steamship for breach of the carriage contract. The proceeding was referred to a commissioner to take the evidence, and in this connection costs and expenses had been incurred in preparing the transcript to the amount of $278.40, which it was necessary to pay before the transcript could be obtained and filed. Respondent agreed to furnish this sum and, in consideration thereof, the following assignment was handed him:

"In the District Court of the United States, District of Washington.

"George W. Sweet *et al.*, Libelants,          No. 2587.
                    vs.                                   Assignment of
"The Sailing Steamer Nome City.          $378.40.

"For value received the libelants in this case do hereby assign, transfer and set over to C. H. Weed of the City of Seattle, County of King, and State of Washington, three hundred and seventy-eight and 40-100 ($378.40) dollars, the same to be paid to said C. H. Weed out of the recovery in this cause and before the libelants are entitled to receive any recovery.

"Dated Seattle, June 21st, 1904.          H. E. Foster,
                                             "Proctor for Libelants."

Respondent seemingly was not satisfied with this writing; whereupon appellant wrote thereon:

"I hereby guaranty unto the said C. H. Weed two hundred seventy-eight and 40-100 dollars.          H. E. Foster."

The suit was unsuccessful, and respondent sought payment of the $278.40 advanced by him. He received two payments, one of $20 and the other of $10, and in March, 1909, he commenced this action against appellant, in which he seeks to hold appellant upon his written guaranty for the balance due him.

Appellant answered, claiming that he was only to act for respondent in collecting the money advanced by him from the libelants, and that the money was paid to procure an interest in the litigation in case of a recovery, and for the purpose of carrying on and prosecuting the suit. The cause came to trial before a jury, and resulted in a verdict for plaintiff, and defendant appeals.

Several errors are assigned, but they all raise the same contention—that there could be no recovery because the assignment was champertous. The cause of action pleaded, and upon which recovery was sought, was not based upon the assignment, but upon appellant's agreement to reimburse the respondent. The assignment was set out in full in the complaint, but it is apparent it was only pleaded by way of inducement. No liability was sought to be attached to it, nor any recovery based upon it. The recovery sought was upon a liability which was no part of the assignment, nor controlled or in any manner affected by it. The only part played by the assignment was its part in the history of the transaction leading up to appellant's promise or guaranty. A champertous contract can be relied upon as a defense only in some form of action wherein it is sought to be enforced. *Straw-Ellsworth Mfg. Co. v. Cain*, 20 Wash. 351, 55 Pac. 321. If the libelants had recovered in the Federal court, and respondent sought to enforce against them a claim for $378.40, as provided for in the assignment, then the action, being founded upon the assignment, would be subject to such defenses as might arise out of the character of the assignment. Assuming, however, that the action is based upon the assignment, in order to give appellant the benefit of his claims of error, its purpose and effect is to assign a recovery, or a part of a recovery, arising out of an alleged tort. Such assignments are not champertous in their nature, and have uniformly been recognized as enforceable contracts. *Vimont v. Chicago & N. W. R. Co.*, 64 Iowa 513, 17 N. W. 31, 21 N. W. 9; *Weire v. Davenport*, 11 Iowa 49, 77 Am. Dec.

132; *Gray v. McCallister*, 50 Iowa 497; *Snyder v. Wabash etc. R. Co.*, 86 Mo. 613; *Rucker v. Bolles*, 80 Fed. 504.

Although not so expressly held, it is apparent from the opinion of this court in the case of *Smits v. Hogan*, 35 Wash. 290, 77 Pac. 390, and the authorities therein cited with approval, that the court was then of the opinion that the doctrine of champerty has never obtained a foothold in this state; or, if it ever had, in so far as it related to contracts between attorney and client, it had been repealed by Rem. & Bal. Code, § 474. Upon the same reasoning it might now well be said that, in so far as it relates to assignments of causes or parts of causes of action in consideration of advancing money to defray costs, it was annulled by Rem. & Bal. Code, § 2970, in force at the time of the making of this assignment and the commencement of this action. This section defines barratry and includes any person who wilfully maintains, prosecutes, or encourages the bringing of suits at law or in equity in which such person has no interest.

Other assignments relate to the court's refusal to give certain instructions requested by appellant. In so far as the requested instructions submitted the defense of champerty, they have been disposed of. The other requests related to the necessity of a separate consideration, in order to hold appellant, and that it must be found he was acting independently and not as attorney for the libelants in assuming his liability. These matters were fully and correctly covered by the court in its charge, and the refusal to give the instructions in the language of appellant's request was not error.

Finding no merit in any assignment of error, the judgment is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.