[No. 8781.    Department Two.    January 7, 1911.]

E. S. JORDAN, *Respondent*, v. PATRICK WELCH *et al.,*
*Appellants.*[1]

FIRES—ACTIONS—DEFENSES—RAILROADS—RIGHT OF WAY—DEEDS— WAIVER OF DAMAGES.  A waiver of damages in a right of way deed, for loss sustained by reason of the location, construction and operation of a railroad thereon, does not preclude recovery for loss by reason of a fire carelessly set out on the right of way by the contractors constructing the road.

ASSIGNMENTS—ACTION IN TORT—SURVIVAL—DAMAGES FROM FIRE. A right of action for damages caused by a fire negligently set out, survives to the personal representative, and is therefore assignable.

FIRES—NEGLIGENCE—RAILROAD CONTRACTORS—DUTY.  It is actionable negligence for railroad contractors in construction work to deposit sparks or live coals, from an engine operating a steam shovel, upon the right of way, and allow the fire to spread to an adjoining meadow, during the dry season when the soil was easily ignited, irrespective of any negligence in operating the engine; since it was their duty to take precautions against the communication of the fire to adjoining lands.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 3, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages to property by fire.   Affirmed.

*Robertson & Miller* and *Harry Rosenhaupt*, for appellants.
*Charles P. Lund*, for respondent.

[1]Reported in 112 Pac. 656.

Morris, J.—Respondent brought this action to recover damages for injuries to property occasioned by a fire, alleged to have been started by appellants and by them permitted to escape to respondent's lands. Appellants are railroad contractors, and were engaged in constructing the right of way of the Spokane, Portland & Seattle Railway Company through respondent's lands, near Cheney. This right of way had been purchased by the railway company, and appellants were engaged in making a deep cut through what had formerly been a meadow. The loose material blasted into the cut was being elevated by a steam shovel into a skip attached to a derrick, the beam of which swung the skip around and deposited the material upon the right of way. The engine operating this derrick was placed on the bank of the cut, and is alleged to have been so operated as to emit and discharge large quantities of sparks, cinders and live coals, upon the right of way, which igniting, a fire was permitted to burn until it had been communicated to respondent's adjoining meadow. The negligence complained of was in discharging the fire upon the right of way in the dry grass and combustible material, and in not preventing its escape onto respondent's land.

Seven causes of action were set forth: (1) The destruction of the meadow, including as a special item a road leading from the farm to Cheney; (2) the value of the use of teams in seeking to control the fire; (3) damage to four horses burned in the fire; (4) damages for cutting trees and fences; (5) damages caused by rocks thrown by the blasting through the roof of respondent's barn; (6) damages for loss of time to respondent and his employees in seeking shelter from the frequent blasts; and (7) an assigned claim of damage to the lands of John Taylor, burned in the same fire. The jury returned a separate verdict upon each cause of action, aggregating $2,636, and defendants appeal. A number of errors are assigned, but they will all be disposed of, in so far as they merit attention, in the discussion of three.

The right of way deed from respondent to the railway

company contained a waiver of all damage sustained by reason of the location, construction and operation of the road. Appellants sought to use this waiver as a defense. The court, however, refused to so regard it. We see no error in so holding. The waiver could not be broader than its terms, and would only cover such damage or injury as would naturally flow from the ordinary and proper method of construction and operation. Such a waiver would not destroy any right of action growing not out of the ordinary happening of events in the construction and operation of the road, but based upon specific acts of carelessness and negligence not necessary nor usual in the construction and operation of the road. *McMinn v. Pittsburg M. & Y. R. Co.*, 147 Pa. St. 5, 23 Atl. 325.

The second contention is that the Taylor claim for damages was not assignable, as it rested in tort. The rule governing assignments of causes of action was early determined in this state in *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948, where it was held, following the New York rule as established in *Zabriskie v. Smith*, 13 N. Y. 322, and *Byxbie v. Wood*, 24 N. Y. 607, that the true test of whether or not an action was assignable was whether or not it survived, using this language:

"We think it may be fairly said that, by a great preponderance of authority mere personal torts which die with the party, and do not survive to the personal representatives, are not capable of passing by assignment, and, conversely, that a cause of action which *does* survive to the personal representative can be enforced in the name of the assignee."

It would hardly be contended that the cause of action for damage to the Taylor lands did not survive. It was, therefore, a proper assignment, and it was not error to so hold. In addition to the *Slauson* case, we held, in *Weed v. Foster*, 58 Wash. 675, 109 Pac. 123, that an assignment of a recovery or part of a recovery in tort was an enforceable contract.

The next and main contention is that appellants cannot be liable in the absence of proof that the fire was caused by their negligence, asserting there is no proof that the engine was defective in any manner, or that it was negligently operated, or that the appellants were negligent in permitting combustible material to accumulate upon the right of way. The charge of negligence was discharging the live coals upon the dry grass of the right of way, and in not preventing the fire from escaping from the right of way to respondent's lands. This negligence in no way involved any defect in the engine, or any negligent manner of operation, except as the jury might have held that discharging live coals upon the right of way under the circumstances was "negligent operation." The engine might have been in the best possible condition, and yet have been so used as to discharge the fire, and as there was evidence to justify the jury in holding that the fire originated from the engine, such evidence would sustain the charge of negligence made. Thompson on Negligence, § 2277, says:

"The circumstances may be such that the mere act of setting the fire will involve such obvious danger to adjoining property as affords of itself evidence of negligence."

The season was dry, the fire was in August, the right of way and the respondent's meadow were dry and easily ignited. The soil itself burned easily and, when once ignited, would burn below the surface until moisture was reached. Under such circumstances it was the duty of appellants to take precaution against the communicating of any fire to the right of way, or its spread to adjoining lands. The engine may have been perfect in all its parts, the engineer may have been the best obtainable, and the operation of the engine mechanically correct; yet, if under such circumstances as here detailed, appellants permitted sparks or live coals to ignite the combustible material upon the right of way and thence to communicate itself to respondent's meadow, they must answer for the damage.

The case nearest in point cited in the briefs is *Louisville, etc. R. Co. v. Nitsche*, 126 Ind. 229, 26 N. E. 51, 22 Am. St. 582, 9 L. R. A. 750, where it was held that the railroad company was liable for negligently suffering a fire upon its right of way to escape and injure adjacent peat or turf lands, where on account of the dry season and the combustible character of the material, it was reasonably certain that the fire would escape through the peat into the adjoining lands, and that it was no defense that the railroad company was lawfully using the fire upon its own right of way, saying:

"A lawful act may be done in such a mode, or under such circumstances, as to make it wrongful, and where fire is used in an improper manner, or under circumstances such as inexcusably imperil surrounding, or adjacent property, the person so using it is a wrongdoer."

Such is a statutory rule in this state, under Rem. & Bal. Code, § 5141:

"If any person shall for any lawful purpose kindle a fire upon his own land, he shall do it at such time and in such manner, and shall take such care of it to prevent it from spreading and doing damage to other persons' property, as a prudent and careful man would do, and if he fail so to do he shall be liable in an action to any person suffering damage to the full amount of such damage."

While this statute has no special controlling force here, as this action is not within its terms, it is indicative of the declared policy of this state in requiring care and caution in handling and controlling such a destructive agency.

Finding no error, the judgment is affirmed.

RUDKIN, C. J., CROW, and DUNBAR, JJ., concur.