## TURK et al. v. ILLINOIS CENT. R. CO.

(District Court, W. D. Kentucky. February 3, 1912.)

1. REMOVAL OF CAUSES (§ 12*)—COURT TO WHICH CAUSE MAY BE REMOVED.
   Under Judiciary Act March 3, 1875, c. 137, § 1, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508), which provides that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit should be brought only in the district of the residence of either the plaintiff or the defendant," an action removed to the federal court in a district in which neither party resides should, on plaintiff's motion, be remanded.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

2. ASSIGNMENTS (§ 24*)—RIGHT OF ACTION—TORT.
   A right of action for damages for causing a fire is not assignable by the owner to the insurance company, which has paid the loss.

   [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 44; Dec. Dig. § 24.*]

3. REMOVAL OF CAUSES (§ 30*)—DIVERSE CITIZENSHIP—NOMINAL PARTY.
   An insurance company, which had paid a fire loss so far as covered by its policy, brought a suit in the state court against a railroad, alleged to have caused the loss, in the name of the insured, suing for its benefit and in its own name, which was removed to the federal court on the ground of diversity of citizenship. The insured resided in the federal district to which the suit was removed, but the insurance company and the railroad resided elsewhere. *Held* that, as the cause of action was not assignable, the insurance company was a mere nominal party, and was not entitled to have the suit remanded.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 70; Dec. Dig. § 30.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by J. W. Turk, suing for the use and benefit of the Insurance Company of North America, and the Insurance Company of North America, against the Illinois Central Railroad Company. On motion to remand to state court. Overruled.

J. F. Nichols, Shelburne, Flexner, Campbell & Gordon, and Rowan Hardin, for plaintiffs.

Robbins & Thomas, J. E. Kane, and Trabue, Doolan & Cox, for defendant.

EVANS, District Judge. The plaintiffs move to remand the action to the Carlisle circuit court. The facts are very simple. Turk was the owner of a certain warehouse at Bardwell, Carlisle county, Ky., in which grain and other things were stored. It is alleged that the defendant railroad company negligently set fire to the warehouse on January 17, 1911, whereby it and its contents were destroyed to the injury of the plaintiffs in the sum of $6,747.82. On January 13, 1911, Turk had taken out a policy of insurance on the warehouse and its contents for the sum of $5,000 in the Insurance Company of North America. After the fire an adjustment was made of the loss covered by the policy, and the insurance company paid Turk $4,602.82, the amount ascertained to be due, and the policy was then assigned to the insurance company that had issued it and had stipulated therein to pay the sum indicated. Both Turk and the insurance company are joined as plaintiffs in the action, and they pray for judgment against the defendant for $6,747.82, the damage alleged to have been sustained, of which $4,602.82 is to go to the insurance company, and the balance, $2,145, is to go to Turk. Turk is a citizen of Kentucky, the insurance company is a citizen of Pennsylvania, and the defendant railroad company is a citizen of Illinois, doing business in Kentucky, and operating its railroad in Carlisle county, and through the town of Bardwell; its track passing near the warehouse.

[1] It is apparent that the citizenship of the parties is diverse, but it is insisted by the plaintiffs that this court could not have acquired jurisdiction of the action if it had been brought here originally, and therefore cannot do so now, because of that clause of section 1 of the judiciary act of March 3, 1875, as amended at several later dates (U. S. Comp. St. 1901, p. 508), which provides that:

"Where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit should be brought only in the district of the residence of either the plaintiff or the defendant."

This clause of the section has often been the subject of consideration by the courts. The definite result has been an interpretation of it which excludes the idea of mere jurisdiction as such, and limits it to venue, from which it is held to follow that only the right or personal privilege exists of claiming that the suit was brought in a wrong district. If neither party reside in that district, the venue may be objected to by the party sued; or if the suit be brought in a state court, the plaintiff, after removal, may object in the federal court. In short, both parties in such a case must consent to proceeding in the federal

court. If the plaintiff sues in the wrong federal district, he, of course, thereby expressly consents to its jurisdiction; and if the defendant does not object, he impliedly consents, and the question is closed. If the suit is brought in a state court, and the defendant removes it, he thereby consents to the venue and to the jurisdiction of the court to which the removal is made; but in that event the plaintiff has not con-sented until he does something to manifest it, and until then he may move to remand the case. This consent, of course, is not regarded as conferring jurisdiction when none exists, but as having respect to ven-ue only—the locality or district in which the suit is brought. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635; In re Moore, 209 U. S. 509, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; Western Loan, etc., Co. v. Butte & Boston, etc., Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873.

By their motion to remand the plaintiffs have sufficiently manifested their objection to proceeding in this district and in this court, and if nothing further appeared their motion would be sustained. But as other material facts do appear, we are brought to the question which furnishes the real test of the right to remove. If the insurance com-pany had not been joined as a plaintiff, then, as Turk is a citizen and also a resident of Kentucky, and as the defendant railroad company is a citizen of Illinois, of course, the provisions of the clause of section 1 of the judiciary act which we have copied would be met, and the right of the defendant to remove the action would be entirely clear. Does the joinder of the insurance company, under the circumstances dis-closed by the record, change that result?

[2] The property destroyed was owned by Turk, and by him alone. It was destroyed by the alleged tortious act of the defendant. With the cause of action thus arising in Turk's favor alone the insurance company was not concerned. By a contract between it and Turk, with which the defendant had no concern, it had agreed to indemnify Turk against loss by fire to the extent of $5,000. It discharged that obliga-tion, and by a somewhat curious arrangement the writing which evi-denced it was assigned by Turk to the insurance company which made it. By this arrangement nothing could be meant, except that the con-tract was satisfied and extinguished by the payment it called for. Certainly it was not kept alive in such a way as to vest in the insur-ance company any right to recover thereon against the railroad com-pany, which was in no way a party to it, nor in any wise obliged by its terms or interested in it. In legal effect the person making the contract had performed its stipulations, and it was delivered up to it accordingly. It was thereafter functus officio. A right of action for damages for a tort is not assignable, either in whole or, as was here attempted, in part. The insurance company, therefore, previous to the so-called assignment to it of its own obligation to pay (if such it can be called, even in the most liberal sense), was not in any wise en-titled to sue the railroad company for a wrong done Turk, and the so-called assignment could not create such a right against the defendant.

The so-called assignment to the insurance company of its own obligation to pay was wholly inept for any purpose, except as evidence of an extinguishment of the obligation.

[3] It may be that Turk desires that the insurance company shall have a part of what he may recover against the railroad company, and, indeed, as between them, the insurance company may be entitled to it; but that is a question with which the defendant has no concern, and certainly neither that desire nor any duty of Turk to the insurance company creates a cause of action in its favor against the railroad company. Without a cause of action in its own behalf, it has no right to join as a plaintiff. Its name might be stricken out as a plaintiff, without any effect on the suit or its rights. It is, therefore, a mere nominal party. Nor can that desire of Turk, nor even his possible duty to devote some part of any recovery he may achieve to the payment of what he may personally owe the insurance company, so affect the case as to require that we should treat the insurance company as anything more than a nominal plaintiff, and as one who should not be permitted to intrude into a suit into which he can have no right to come, in such way as to prevent the exercise by the defendant of its right to remove, which would otherwise be clear. In effect, the insurance company is seeking to protect or secure a claim it has against Turk only, to wit, a claim to be reimbursed by him, if he also gets compensation from the defendant. That is done as far as may be by Turk stating in the petition that in part he is suing for its benefit. Merely doing that is harmless to the defendant, who is not concerned in the question of how any recovery may be divided; but making the insurance company a plaintiff goes further, and puts it in the attitude of itself seeking relief against the defendant, to which obviously it has no legal right. No citation of authorities is necessary, as these propositions seem to be obvious. Indeed, in a suit by the owner of property against one who negligently and wrongfully destroyed it, there may be grave doubts of the propriety of inserting in the owner's petition allegations in respect to subsequent transactions between the owner and an insurance company, whereby the amount of indemnity promised in some contract by the latter was adjusted and settled without the presence of the tort-feasor. Such allegations may be altogether impertinent, and proof of them inadmissible.

It results that the motion to remand must be overruled.