PALMER et al. v. OREGON-WASHINGTON R. & NAV. CO.

(District Court, W. D. Washington, S. D. October 22, 1913.)

No. 1,367.

1. REMOVAL OF CAUSES (§ 36*)—CITIZENSHIP OF PARTIES—REAL OR NOMINAL PARTIES.

Insurance companies which have paid policies on property destroyed by fire caused by the negligence of a third person and have by equitable principles or by the terms of the policies been subrogated to the right of action of the owner against such person may maintain an action thereon in their own name under the laws of Washington, which require actions to be brought in the name of the real party in interest and permit the assignment of such causes of action, and where they join with the owner as plaintiffs they are parties in interest, and not merely nominal parties for the purpose of determining the removability of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

2. TRUSTS (§ 30½*)—CREATION—"EXPRESS TRUST."

An "express trust" can be created only by agreement of the parties to the trust concerning it (citing 3 Words and Phrases, pp. 2611–2613).

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 41, 41½; Dec. Dig. § 30½.*]

At Law. Action by O. K. Palmer, doing business as the Palmer Lumber & Manufacturing Company, the Fireman's Fund Insurance Company, the Norwich Union Fire Insurance Society, Limited, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

London & Lancashire Fire Insurance Company, the National Fire Insurance Company, the Insurance Company of North America, the British America Assurance Company, and the Pennsylvania Fire Insurance Company, against the Oregon-Washington Railroad & Navigation Company. On motion to remand to state court. Granted.

Granger & Clarke, of Seattle, Wash., for plaintiffs.
Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. This matter is for decision upon a motion to remand the cause to the state court. The plaintiff Palmer is a citizen of Washington and resident of this district. The plaintiff insurance companies are corporations of California, Connecticut, Pennsylvania, and Great Britain, doing business in this state and district. The defendant is an Oregon corporation. The amount in controversy exceeds $3,000.

The suit is one to recover for the loss, by fire, of the mill of the plaintiff Palmer, alleged to have been caused by the defendant's negligence. It appears that the plaintiff companies had insured the mill and paid the plaintiff Palmer, on account of its destruction, part of the loss alleged to have been caused, under policies of insurance providing:

"If this company (the insurance company) shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured, on receiving such payment."

Plaintiff relies upon the following authorities: Fireman's Fund Ins. Co. v. O. R. & N., 58 Wash. 332, 76 Pac. 1075; Pratt v. Radford, 52 Wis. 114, 8 N. W. 606; Wunderlich v. C. N. W., 93 Wis. 132, 66 N. W. 1144; Gaugler v. C., M., P. S. R. R. Co. (U. S. D. C., Mont.) 197 Fed. 79; Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; Dickerson v. Spokane, 26 Wash. 292, 66 Pac. 381; McElroy v. Williams, 14 Wash. 627, 45 Pac. 306; State ex rel. Adjustment Co. v. Superior Court, 67 Wash. 355, 121 Pac. 847; Continental Ins. Co. v. Loud, 93 Mich. 139, 53 N. W. 394, 32 Am. St. Rep. 494; Fairbanks et al. v. Ry. Co., 115 Cal. 579, 47 Pac. 450; United Coal Co. v. Canon City Coal Co., 24 Colo. 116, 48 Pac. 1045; State Ins. Co. v. Oregon Ry. & Nav. Co., 20 Or. 563, 26 Pac. 838; Fireman's Ins. Co. v. Oregon Ry. & Nav. Co., 45 Or. 53, 76 Pac. 1075, 67 L. R. A. 161, 2 Ann. Cas. 360; First Presbyterian Society v. Goodrich Trans. Co. (C. C) 7 Fed. 257; Glenn v Marbury, 145 U. S. 499, 12 Sup. Ct. 914, 36 L. Ed. 790; Kansas Midland Ry. Co. v. Brehm, 54 Kan. 751, 39 Pac. 690; Liverpool & G. W. S. S. Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788; City of New Orleans v. Whitney, 138 U. S. 595, 11 Sup. Ct. 428, 34 L. Ed. 1106; Downs v. Pioneer Mutual Ins. Co., 41 Wash. 372, 83 Pac. 423; Thompson v. Cent. Ohio R. R. Co., 6 Wall. 134, 18 L. Ed. 765; Delaware Co. v. Diebold Safe & Lock Co., 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 680; Mexican Cent. R. R. Co. v. Eckman, 187 U. S. 429, 23 Sup. Ct. 211,

47 L. Ed. 247; Over v. R. R. Co. (C. C.) 63 Fed. 34; Evans v. Durango Land Co., 80 Fed. 433, 25 C. C. A. 531.

The following cases are relied upon by defendant: Slauson v. Schwabacher Bros. & Co., 4 Wash. 783, 31 Pac. 329, 31 Am. St. Rep. 918; Hall & Long v. R. R. Companies, 13 Wall. 367, 20 L. Ed. 594; Norwich Union Fire Ins. Society v. Standard Oil Co., 59 Fed. 984, 8 C. C. A. 433; Turk v. Ill. Cent. Ry. Co. (D. C.) 193 Fed. 252; Kansas City M. & O. R. Co. v. Shutt, 24 Okl. 96, 104 Pac. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255.

It is conceded that, if the insurance companies are necessary parties to the action, the motion to remand is well taken. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164; Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392.

At common law, Palmer, the holder of the legal cause of action, alone, could sue, and the insurance companies, if joined, on the motion to remand, would be held merely nominal parties, whose citizenship and residence would not affect the jurisdiction. First Pres. Society of Green Bay v. Goodrich Trans. Co. (C. C.) 7 Fed. 257; London Assurance Co. v. Sainsbury, 3 Doug. 245; Mason v. Sainsbury, Id. 60; Yates v. Whyte, 4 Bing. (N. C.) 272; Hart v. Western R. Corporation, 13 Metc. 105, 46 Am. Dec. 719; Rockingham Mut. Fire. Ins. Co. v. Bosher, 39 Me. 254, 63 Am. Dec. 618; Conn. Mut. Life Ins. Co. v. N. Y., etc., R. Co., 25 Conn. 270, 65 Am. Dec. 571; Peoria Ins. Co. v. Frost, 37 Ill. 333.

A different rule is admitted to exist in code states. Glenn v. Marbury, 145 U. S. 499 at 511, 12 Sup. Ct. 914, 36 L. Ed. 790.

The law of the state of Washington as to necessary parties is controlling in this court. Thompson v. Railroad Co., 6 Wall. 134, 18 L. Ed. 765.

The Washington statute provides:

"There shall be in this state hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be called a civil action." Pierce's Code 1912, tit. 81—3.

"Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided by law." Pierce's Code 1912, 81—7.

"An executor or administrator, or guardian of a minor or person of unsound mind, a trustee of an express trust, or a person authorized by statute, may sue without joining the person for whose benefit the suit is prosecuted. A trustee of an express trust within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." Pierce's Code 1912, 81—9.

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in." Pierce's Code 1912, tit. 81—41.

"The defendant may set forth by answer as many defenses and counterclaims as he may have whether they be such as have been heretofore denominated legal or equitable, or both. They shall each be separately stated, and refer to the causes of action which they are intended to answer, in such a manner that they may be intelligibly distinguished." Paragraph 3, title 81—237, Pierce's Code 1912.

[1] Under the foregoing provisions, in the state of Washington. an insurance company, under the circumstances in this case, would be held a party in interest and could sue in its own name. McElroy v. Williams, 14 Wash. 627, 45 Pac. 306; Fireman's Fund Ins. Co. v. O. R. & N. Co., 58 Wash. 332, 108 Pac. 770; State of Washington ex rel. Adjustment Co. v. Superior Court, 67 Wash. 355, 121 Pac. 847.

[2] An "express trust" can only be created by agreement of the parties to the trust concerning it. Words & Phrases, "Express Trust," vol. 3, p. 2611.

The right in the plaintiff insurance companies, upon the payment of Palmer's loss, through subrogation, was created by operation of equitable principles, and not created, but rather recognized, by the terms of the insurance policy. New Orleans v. Gaines' Adm'r (Whitney), 138 U. S. 595, 11 Sup. Ct. 428, 34 L. Ed. 1106; Liverpool & G. W. S. S. Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788.

Choses in action are not assignable at common law. Glenn v. Marbury, supra, 145 U. S. 499, at 507, et seq., 12 Sup. Ct. 914, 36 L. Ed. 790.

In Washington, a cause of action for the tortious destruction of, or injury to, property is assignable. Jordan v. Welch, 61 Wash. 569, 112 Pac. 656.

As pointed out, the right of the insurance companies to sue is by virtue of this subrogation to the right of the insured, upon payment of his loss. While it may be called an equitable assignment, there is not the opportunity in such case to fraudulently confer, or deprive the court of, jurisdiction as there is by means of a simulated legal assignment. New Orleans v. Gaines' Adm'r (Whitney), 138 U. S. 595, at 606, 11 Sup. Ct. 428, 34 L. Ed. 1102, supra.

Under the statutes of the state of Washington and the decisions of its courts, the insurance companies are held to be real parties in interest, and therefore necessary parties.

Turk v. Illinois Central Railway (D. C.) 193 Fed. 252, relied upon by defendant, was a case in which it was held that a right of action for tort, either in whole or in part, was not assignable. If such is the law in Kentucky, where this case arose, it would be controlling of the decision and distinguish it from the law of this state. The same is true of the case of Over v. Lake Erie & W. R. Co. (C. C.) 63 Fed. 34, also relied upon by defendant. As shown, such a right is assignable in Washington. Jordan v. Welch, 61 Wash. 569, 112 Pac. 656.

The motion to remand is granted.